■ Anthony Dalto, Appellant, v Incorporated Village of Mineola, Respondent. [681 NYS2d 312] —In an action, *inter alia*, for rescission of a contract based upon mistake and fraud, and to recover a down payment which accompanied a bid to purchase certain property, the plaintiff appeals, as limited by

his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DeMaro, J.), dated December 12, 1997, as granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action seeking to recover his down payment which accompanied a bid to purchase a vacant parcel of land that was being auctioned for sale by the defendant. After placing a successful bid on the sales contract, the plaintiff discovered that the land contained a sanitary sewer line which allegedly rendered the property unsuitable for his purposes. Thereafter, the plaintiff sought to withdraw his bid and obtain a refund of his down payment.

A bid is a binding offer to make a contract. "It may be withdrawn in the case of unilateral mistake by the bidder where the mistake is known to the other party to the transaction and (1) the bid is of such consequence that enforcement would be unconscionable, (2) the mistake is material, (3) the mistake occurred despite the exercise of ordinary care by the bidder and (4) it is possible to place the other party in *status quo*" (*Balaban-Gordon Co. v Brighton Sewer Dist. No. 2*, 41 AD2d 246, 247). The plaintiff failed to show that he could not have discovered the sanitary sewer line through the exercise of ordinary care, especially since the document entitled "Bid Proposal" contained a survey map indicating the existence of the sewer line underneath the property.

Furthermore, the plaintiff failed to prove that the defendant misrepresented a material fact or intentionally concealed a material fact upon which the plaintiff reasonably relied to his detriment (*see, Almap Holdings v Bank Leumi Trust Co.*, 196 AD2d 518).

The plaintiff is not entitled to return of the down payment which accompanied the bid. The "Bid Proposal" document provides that "Each bid must be accompanied by a certified check * * * as assurance that after notice of award of the contract, the successful bidder will enter into such sales contract * * * In default of entering into such contract or closing title as specified, the security accompanying such bid shall be forfeited to the Village, to liquidate damages for delay and additional costs which may be incurred by the Village by reason of such default". Since the plaintiff is not entitled to rescind the contract, the down payment must be forfeited as liquidated damages for neglect or refusal to fulfill his legal obligation to execute a contract upon the acceptance of his bid

(*see, Jobco, Inc. v County of Nassau,* 129 AD2d 614, 615; *Abner M. Harper, Inc. v City of Newburgh,* 159 App Div 695, 699). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.