■ MARINE MIDLAND BANK, Appellant, v GRANT THORNTON, L. L. P., Respondent. [689 NYS2d 81] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 18, 1998, dismissing the complaint, and bringing up for review a prior order which, in an action by a lender against an accounting firm for negligence and fraud in preparing a borrower's financial statements, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The complaint is deficient because it does not allege that de-

fendant prepared the financial reports knowing that its client would be showing them to plaintiff (*see, Westpac Banking Corp. v Deschamps*, 66 NY2d 16, 19). We reject plaintiff's argument that the number of "financial institutions" that could have made a multi-million dollar loan to defendant's client is so small that if, as the complaint alleges, defendant knew that its client would be showing the financial reports it was preparing to "various financial institutions" for the purpose of obtaining a multi-million dollar loan, then it also knew, or should have known, that its client would be showing the reports to plaintiff (*see, supra; Iselin & Co. v Mann Judd Landau*, 71 NY2d 420, 426, citing *Ultramares Corp. v Touche*, 255 NY 170; *compare, White v Guarente*, 43 NY2d 356, 359-361; *LaSalle Natl. Bank v Duff & Phelps Credit Rating Co.*, 951 F Supp 1071, 1093-1094). Nor does it avail plaintiff to allege that when a "collateral audit" was being performed by its own accountant, defendant's representatives were present and exhibited the statements it had prepared, or that defendant was otherwise aware that its client was seeking financing from plaintiff after the statements had already been prepared (*see, Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 705; *Iselin & Co. v Mann Judd Landau, supra*, at 427). The mere conclusory assertion of recklessness and intent, appended to the identical set of facts as are alleged in the negligence claim, do not meet the special pleading standards required under CPLR 3016 (b) (*see, Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, 554). Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.