■ RAYCO OF SCHENECTADY, INC., et al., Appellants, v CITY OF SCHENECTADY et al., Respondents. [699 NYS2d 594] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered May 13, 1998 in Schenectady County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action against defendants seeking to recover for damages they allegedly sustained following the acquisition of a certain piece of real property located in the City of Schenectady, Schenectady County. Specifically, plaintiffs alleged that then-Mayor of Schenectady, Karen Johnson, and defendant James Kalohn, a City zoning officer, negligently and fraudulently misrepresented that the parcel in question was appropriately zoned for use as an electroplating, finishing and polishing operation, thereby inducing plaintiffs to purchase the property for such use. Ultimately, it was determined that the City's zoning ordinance did not permit such a use in a light industrial zone, and plaintiffs applied for and were granted a permit to use the site as a warehouse.

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and cross-moved to amend the complaint to allege a cause of action under 42 USC § 1983. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, prompting this appeal by plaintiffs.

We affirm. "[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382). Where, as here, no privity of contract exists between the parties, the Court of Appeals has identified three criteria for imposing liability upon the maker of a negligent misrepresentation: "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance" (*id.*, at 384). No such showing has been made here.

Even accepting, for purposes of this discussion, that the conversations that plaintiffs' principal, Edward Le Gere, had with Johnson and Kalohn occurred prior to plaintiffs' acquisition of the property in question, plaintiffs nonetheless have failed to tender sufficient admissible proof to raise a question of fact as to the existence of a relationship between the parties that approaches privity. Plaintiffs acknowledge in their brief that Johnson merely stated that "as long as the site was zoned properly and that all City ordinances were complied with, she foresaw no problem with locating the business in the City". Such statement hardly forms the basis for a cause of action for

negligent or fraudulent misrepresentation. Similarly, to the extent that Kalohn represented that the property was properly zoned for plaintiffs' business purpose, the record makes plain that plaintiffs did not completely disclose the full nature of their operation to Kalohn before such statement was made and, further, that such statement was not made in the context of a formal zoning application. Under such circumstances, we cannot say that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint.

Nor are we persuaded that Supreme Court erred in denying plaintiffs' cross motion for leave to amend their complaint. While it is true that leave to amend is freely given in the absence of prejudice or surprise (*see, Boyce v Vazquez*, 249 AD2d 724, 727), it is equally true that such determination lies within the sound discretion of the court and, absent an abuse of that discretion, will not be disturbed (*see, Christenson v Gutman*, 249 AD2d 805, 806). In view of the delay in seeking the amendment, and taking into consideration that the facts underlying the amendment have existed for some time, we cannot say that Supreme Court improperly found that defendants would be prejudiced by such amendment and/or abused its discretion in denying plaintiffs' cross motion. Plaintiffs' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.