■■■ IT CORPORATION, Respondent-Appellant, v ECOLOGY AND ENVIRONMENTAL ENGINEERING, P. C., Appellant-Respondent. [713 NYS2d 633] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action stems from a project to remediate the Wellsville/Andover Landfill in Allegany County. Defendant, an engineering firm, was retained by the New York State Department of Environmental Conservation (DEC) to design the project, prepare the bidding documents and manage the project. Plaintiff, a general contractor, was awarded the contract by the DEC. After work began, plaintiff allegedly encountered site conditions different from those represented in the bidding documents and, as a result, incurred additional expenses and suffered delays. After defendant refused to issue proposed change orders resolving plaintiff's site condition claims, plaintiff proceeded with the project. Upon completion of the project, plaintiff requested a final equitable adjustment of the contract price from the DEC. That request was denied by the DEC on the ground that plaintiff failed to comply with the notice provision of the contract. Plaintiff then appealed that decision in accordance with the procedures set forth in the contract and, after a fact-finding proceeding, DEC's Contract Review Committee confirmed the determination denying the equitable adjustment.

While plaintiff was pursuing its contractual rights with respect to its request for an equitable adjustment, it commenced the present action against defendant, seeking to hold defendant responsible for its losses. The first three causes of action arise from defendant's alleged failure to identify and accurately describe the site conditions in the bidding documents. The fourth cause of action alleges that defendant, as manager of the project, intentionally interfered with plaintiff's contract with the DEC.

Supreme Court properly granted that part of defendant's motion seeking dismissal of the first three causes of action based on a defense "founded upon documentary evidence" (CPLR 3211 [a] [1]). The disclaimers and site inspection clauses set forth in the bidding documents and plaintiff's contract place the burden wholly upon plaintiff to investigate the site and to discover potential problems relating to it (*see, IFD Constr. Corp. v Corddry Carpenter Dietz & Zack*, 253 AD2d 89, 93-94; *Savin Bros. v State of New York*, 62 AD2d 511, 515-516, *affd* 47 NY2d 934). The complaint, affidavit and affirmation submitted by plaintiff in opposition to defendant's motion do not allege that defendant acted fraudulently or in bad faith, that there was insufficient time to inspect the site or that an inspection would have been fruitless (*see generally*, 89 NY Jur 2d, Public Works and Contracts, § 74). Nor is there any allegation that the technical data contained in the Limited Site Data report prepared by defendant is inaccurate, "as to the location where and at the point in time when the data was obtained". We therefore conclude that "the documentary evidence submitted [by defendant] conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88).

In any event, the first three causes of action are barred by the Statute of Limitations. It is not disputed that those causes of action are subject to a three-year Statute of Limitations (*see,* CPLR 214 [4], [6]) and that they accrued when plaintiff was injured (*see, Ackerman v Price Waterhouse*, 84 NY2d 535, 541). Plaintiff contends that it was not injured until its bid was accepted and the contract with the DEC was executed. The bid, however, was "a binding offer to make a contract" (*Dalto v Incorporated Vil. of Mineola*, 256 AD2d 301, 302). In this case it could not be withdrawn, modified or resubmitted after the bids were opened. Certainly by that date, if not earlier (*see, Ackerman v Price Waterhouse, supra*, at 541), plaintiff must be said to have relied upon defendant's work product to its detriment and thus have been injured for purposes of the Statute of

Limitations. Because plaintiff waited more than three years after the bids were opened to commence its action, those causes of action are time-barred (*see, IFD Constr. Corp. v Corddry Carpenter Dietz & Zack, supra,* at 92).

Furthermore, the first two causes of action charging defendant with negligence and negligent misrepresentation fail to state a cause of action and thus are subject to dismissal pursuant to CPLR 3211 (a) (7). It is well settled that engineers, like other professionals, may be held liable for economic injury arising from the negligent preparation of a report (*see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424). However, "before a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382, *rearg denied* 81 NY2d 955). Where, as here, there is no actual privity, there can be no liability unless there is "(1) awareness that the reports were to be used for a particular purpose or purposes; (2) reliance by a known party or parties in furtherance of that purpose; and (3) some conduct by the defendants linking them to the party or parties and evincing defendant's understanding of their reliance" (*Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra,* at 425).

Even when liberally construed, the complaint and plaintiff's affidavit and affirmation do not allege any contact between the parties before plaintiff submitted its bid or that defendant was even aware of plaintiff's identity (*see, Metral v Horn,* 213 AD2d 524, 526). Although defendant may have known that potential bidders would rely upon its work to prepare their bid, the complaint does not allege that defendant knew that plaintiff was one of those bidders. Plaintiff cannot be considered a "known party" merely because it was a potential bidder (*Westpac Banking Corp. v Deschamps,* 66 NY2d 16, 19; *cf., Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728, 729). The class of potential bidders was not a "known group possessed of vested rights, marked by a definable limit and made up of certain components" (*White v Guarente,* 43 NY2d 356, 361). Rather, it was an "indeterminate class of persons who, presently or in the future, might [act] * * * in reliance on [defendant's investigation]" (*Ultramares Corp. v Touche,* 255 NY 170, 183; *see, Marine Midland Bank v Grant Thornton, L. L. P.,* 260 AD2d 318, 319).

Finally, we conclude that the court erred in failing to grant

that part of defendant's motion seeking dismissal of the fourth cause of action pursuant to CPLR 3211 (a) (1). An essential element of that cause of action is an actual breach of contract by the DEC intentionally procured by defendant without justification (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424). The critical allegation here is that "[defendant] blamed [plaintiff] for its own mistakes and convinced [the DEC] to reject [plaintiff's] final request for an equitable adjustment. Thus, [defendant] induced [the DEC] to breach the remediation contract". The documentary evidence submitted by defendant belies that allegation. That evidence establishes conclusively that the DEC rejected plaintiff's final request for an equitable adjustment because plaintiff submitted that request without first complying with the notice provision of the contract. The DEC's rejection of plaintiff's request on that ground cannot constitute a breach of contract.

We therefore modify the order by granting defendant's motion in its entirety and dismissing the complaint. In view of our determination, we do not address the parties' remaining contentions. (Appeals from Order of Supreme Court, Erie County, NeMoyer, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.