■ BRIAN YANAS, Appellant, v ALBANY MEDICAL CENTER HOSPITAL, Respondent. [744 NYS2d 514] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered March 29, 2001 in Schenectady County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

In 1982, after fracturing his spine, plaintiff underwent back surgery at defendant's hospital. During the procedure, two rods were inserted into plaintiff's spine. According to plaintiff, 14 years later—on or about March 19, 1996—the rods fractured, causing him serious physical injury. Plaintiff then took steps to ascertain the identity of the entities legally responsible for the allegedly unsafe condition of the rods. Eventually, plaintiff sought presuit discovery from defendant, seeking the identity

of the manufacturer and distributor of the rods for the purpose of "discover[ing] potential defendants" (see, CPLR 3102 [c]). On October 15, 1998, defendant, through counsel, responded in writing to the discovery request, indicating that the manufacturer of the rods was Smith & Nephew Richards Inc. (hereinafter Smith), but that defendant no longer had knowledge of, and had no way of ascertaining, who distributed the rods.

Thereafter, plaintiff promptly withdrew the discovery motion and commenced an action against Smith alleging strict products liability, negligence and breach of warranty. In September 1999, after Smith denied manufacturing the rods in question, plaintiff requested additional information from defendant to establish that Smith was, in fact, the manufacturer. By letter dated October 13, 1999, defendant's attorney informed plaintiff that defendant had no purchase records extending back far enough in time to indicate from whom it had obtained the rods used in plaintiff's 1982 surgery. The representation made by defendant's attorney a year earlier apparently was based on the recollections of a surgical nurse who was employed by defendant's surgical department at the time of plaintiff's surgery. At that point, in the face of evidence produced by Smith demonstrating that it had not supplied defendant with rods of the type utilized in defendant's surgery during the time period in question, plaintiff discontinued his action against Smith.

In October 2000, plaintiff commenced this action alleging that defendant negligently misrepresented the identity of the rods' manufacturer, thereby inducing plaintiff to commence an action against the wrong party and, as a result, harmed plaintiff because the statute of limitations for bringing a cause of action against the true manufacturer expired before the error was discovered. In lieu of answering, defendant moved to dismiss the complaint on the ground that it fails to state a cause of action (see, CPLR 3211 [e]). Supreme Court granted the motion and plaintiff appeals. We now affirm.

It is well settled that "before a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382; see, Parrott v Coopers & Lybrand, 95 NY2d 479, 483). This privity requirement is necessary to "provide fair and manageable bounds to what otherwise could prove to be limitless liability" (Prudential Ins. Co. of Am. v Dewey,

*Ballantine, Bushby, Palmer & Wood, supra* at 382). Plaintiff's request to defendant for information came 16 years after his surgery at defendant's facility and, thus, long after any cognizable contractual relationship existed between plaintiff and defendant.

Where, as here, no privity of contract exists between the parties, the Court of Appeals has identified three criteria to determine whether the relationship between the parties should be treated, for the purposes of imposing liability on the maker of a negligent misrepresentation, as the functional equivalent of contractual privity (*see, Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551). The following are prerequisites to bringing such an action: (1) an awareness by the maker of the statement that it is to be used for a particular purpose, (2) *"in the furtherance of which a known party * * * was intended to rely,"* and (3) some conduct by the maker of the statement linking it to the relying party *"which evinces [the maker's] understanding of that party['s] * * * reliance"* (*id.* at 551 [emphasis supplied]; *see, Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, supra* at 384; *Rayco of Schenectady v City of Schenectady*, 267 AD2d 664, 665). We conclude, based on these factors, that plaintiff has failed to tender sufficient admissible proof of the existence of a relationship between the parties which would give rise to an actionable duty on the part of defendant at the time of the relevant communication.

The facts, as alleged by plaintiff, arguably satisfy the first prong of the *Credit Alliance* test inasmuch as it is evident from plaintiff's discovery request that he was seeking the information to ascertain potential defendants. Plaintiff has also set forth sufficient facts to conclude—as required by the second prong—that he relied on the information, although whether such reliance was justifiable is questionable (*see, Kimmell v Schaefer*, 89 NY2d 257, 263 [requiring that the plaintiff's reliance be justifiable]). The second prong, however, also necessitates a showing that defendant intended such reliance (*see, Credit Alliance Corp. v Arthur Andersen & Co., supra* at 551). Here, the task of ascertaining the identity of the potentially culpable parties was undertaken by plaintiff and, as part of that endeavor, plaintiff commenced presuit discovery against defendant. It is apparent that defendant voluntarily answered the discovery request not with the purpose of furthering defendant's litigation efforts but, rather, in exchange for plaintiff's agreement to withdraw the pending court application against defendant. Thus, plaintiff has failed to make the

necessary showing that defendant made the representation with "'the very purpose of inducing action'" by plaintiff (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 383, *supra*, quoting *Glanzer v Shepard*, 233 NY 236, 239; *see, CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 895-896; *Binghamton Masonic Temple v City of Binghamton*, 213 AD2d 742, 744-745, *lv denied* 85 NY2d 811).

While defendant provided the information at issue directly to plaintiff and plaintiff acted upon that information, arguably establishing a link between the parties as required by the third prong, the test requires more. Plaintiff has alleged no conduct on the part of defendant which evinces its understanding that plaintiff would *exclusively* rely on the information provided to the degree of allowing the statute of limitations to lapse against other manufacturers. Thus, given the fact that plaintiff had no relationship whatsoever with defendant's lawyers, and his relationship—to the extent one existed—with defendant is premised solely on his status as a former patient, we find that defendant had no duty under these circumstances (*see, Parrott v Coopers & Lybrand*, 95 NY2d 479, 484-485, *supra*; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 553-554, *supra*; *Rayco of Schenectady v City of Schenectady*, 267 AD2d 664, 665-666, *supra*; *cf., Kimmell v Schaefer*, 89 NY2d 257, 264-265, *supra*; *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 425-426; *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 796). To impose such an unqualified duty on a hospital in relation to its former patients would extend a hospital's liability to unprecedented and unreasonable proportions, essentially creating the unqualified liability which the Court of Appeals' privity standard is designed to forestall (*see, Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, supra*, at 382).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.