■ MARCELLUS CONSTRUCTION COMPANY, INC., Respondent, v VILLAGE OF BROADALBIN et al., Defendants, and McDONALD ENGINEERING, P.C., Appellant. [755 NYS2d 474] —Kane, J. Appeal from an order of the Supreme Court (Sise, J.), entered December 13, 2001 in Fulton County, which partially denied a motion by defendant McDonald Engineering, P.C. for summary judgment dismissing the complaint against it.

In July 1994, defendant McDonald Engineering, P.C. was retained by defendant Village of Broadalbin to provide planning, design and construction phase engineering services for a sewage collection system in the Village. Pursuant to its contract, McDonald prepared the bid documents that included information on subsurface conditions. As the low bidder, plaintiff was awarded the contract by the Village. Upon commencing work, plaintiff encountered subsurface conditions, such as boulders and mislocated utility lines, that plaintiff alleges varied from the descriptions in the "technical data" provided by McDonald. As a result, plaintiff incurred additional expense for which it sought and was denied payment by McDonald. Plaintiff subsequently commenced this action against defendants, alleging, inter alia, that McDonald negligently performed its engineering services, and committed fraud and negligent misrepresentation concerning preexisting subsurface site conditions. Supreme Court granted McDonald's motion for summary judgment dismissing plaintiff's claims as to fraud and negligent performance. However, the court denied the motion as to the claim of negligent misrepresentation, holding that there was a relationship so close as to be the functional equivalent of privity between plaintiff and McDonald, allowing plaintiff to maintain a claim of negligent misrepresentation against McDonald. This appeal followed.

"[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations[,] there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382; *see CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 895). "Where, as here, no privity of contract exists between the parties, the Court of Appeals has identified three criteria for imposing liability upon the maker of a negligent misrepresentation: '(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the state-

ment linking it to the relying party and evincing its understanding of that reliance' " (*Rayco of Schenectady v City of Schenectady*, 267 AD2d 664, 665, quoting *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, supra* at 384; *see Yanas v Albany Med. Ctr. Hosp.*, 294 AD2d 769, 771). In applying these principles to the facts herein, we conclude that plaintiff has failed to tender admissible proof of a relationship which is tantamount to that of privity.

Since McDonald's design of the project was part of the final bid package for all interested construction bidders, we conclude that the first prong of the tripartite test has arguably been satisfied. Clearly, the record before us sustains plaintiff's allegations that McDonald was aware that one of the purposes of its design plans was to assist construction companies in preparing their bids for the project (*see Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424).

As to the second prong, however, the contract between plaintiff and the Village provided that McDonald was to act as "owner's representative" and that the acts of McDonald would not "create, impose or give rise to any duty owed by ENGINEER to CONTRACTOR" (*see McNar Indus. v Feibes & Schmitt, Architects*, 245 AD2d 993, 994, *lv denied* 91 NY2d 812). Nor do we consider plaintiff a "known party" merely because it was a potential bidder (*see e.g. Reliance Ins. Co. v Morris Assoc.*, 200 AD2d 728, 729) or that McDonald knew that plaintiff was "part of a definable class which would rely on the plans" (*id.* at 729). Rather, we find plaintiff to be part of an " 'indeterminate class of persons who, presently or in the future, might [act] * * * in reliance on [McDonald's plans]' " (*IT Corp. v Ecology & Envtl. Eng'g*, 275 AD2d 958, 960, *lv denied* 96 NY2d 702, quoting *Ultramares Corp. v Touche*, 255 NY 170, 183). The fact that there was a preaward meeting between plaintiff and McDonald does not compel a different result as, inter alia, at the time of the meeting, plaintiff had already submitted its bid for the project.

Finally, with respect to the third prong, we find no conduct between plaintiff and McDonald evincing McDonald's understanding that plaintiff had, in fact, relied on McDonald's subsurface information in preparing its bids. To the contrary, there was no discussion of the subsurface information at the preaward meeting. Most significantly, the bidders' instructions unequivocally advised bidders that they were required to conduct their own investigation concerning site conditions. Here, the record indicates that plaintiff understood that another bidder conducted subsurface explorations prior to submitting a bid on the project, but plaintiff elected not to do so.

Furthermore, the contract signed by plaintiff clearly states that the soil boring information is not part of the contract documents nor is the information guaranteed. Although Supreme Court may be correct in its reasoning that the bid documents were prepared to provide information to plaintiff as opposed to the Village, neither the preparation of the documents, nor the pre-award meeting between plaintiff and McDonald, " 'evinces [McDonald's] understanding of [plaintiff's] reliance' " upon the technical data and site descriptions exclusively in the preparation of its bid (*Yanas v Albany Med. Ctr. Hosp.*, 294 AD2d 769, 771, *supra*, quoting *Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, 551). Accordingly, we find no relationship approaching privity between plaintiff and McDonald sufficient to withstand a motion for summary judgment (*see Parrott v Coopers & Lybrand*, 95 NY2d 479, 483).

Even if plaintiff had established a relationship with McDonald "so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballentine, Bushby, Palmer & Wood, supra* at 382), McDonald's motion should have been granted. A review of the record discloses that the only representations made by McDonald with respect to subsurface conditions were the results of the 28 test borings performed in 1996. In response to McDonald's motion for summary judgment, plaintiff failed to set forth any facts demonstrating that McDonald misrepresented in any way the results of the 28 test borings or that said borings were in some manner negligently performed. Having failed to set forth any proof of a negligent misrepresentation, plaintiff's cause of action for same must fail (*see Depot Constr. Corp. v State of New York*, 19 NY2d 109, 114; *Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230, 232).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant McDonald Engineering, P.C., by reversing so much thereof as partially denied said defendant's motion; motion granted in its entirety, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.