■ ASHLEY ANDREE et al., Plaintiffs, v RITA DEMOPOULOS et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. WINTHROP-UNIVERSITY HOSPITAL ASSOCIATION, Third-Party Defendant-Respondent. (And a Second Third-Party Title.)
[827 NYS2d 871]—

In an action, inter alia, to recover damages for legal malpractice, etc., the defendant third-party plaintiff Rita Demopoulos appeals, as limited by her brief, and the defendants third-party plaintiffs Lewis, Johs, Avallone, Aviles & Kaufman, LLP, and Deborah Aviles separately appeal, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated October 17, 2005, as granted those branches of the third-party defendant's motion which were to dismiss their respective third-party complaints pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted those branches of the motion of the third-party defendant Winthrop University Hospital Association (hereinafter the hospital) which were to dismiss the third-party complaints pursuant to CPLR 3211 (a) (7).

" '[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity' " (*Yanas v Albany Med. Ctr. Hosp.*, 294 AD2d 769, 770 [2002], quoting *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382). The appellants have failed to allege any facts meeting this standard. For that reason, the third-party complaints were properly dismissed.

The appellants' remaining contentions are without merit. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.