Greg Beeche, Logistics, LLC v Cross Country Constr., LLC (2022 NY Slip Op 06203)

Greg Beeche, Logistics, LLC v Cross Country Constr., LLC

2022 NY Slip Op 06203

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534096
[*1]Greg Beeche, Logistics, LLC, Appellant,
v
Cross Country Construction, LLC, Respondent.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Couch White, LLP, Albany (Joel M. Howard III of counsel), for appellant.
Welby, Brady & Greenblatt, LLP, White Plains (Gregory J. Spaun of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Ann C. Crowell, J.), entered September 7, 2021 in Saratoga County, which partially granted defendant's motion to dismiss the complaint.
This action arises out of the construction of a 69-story condominium building in New York City. The project's owner and developer, VNO 225 West 58th Street LLC, hired Lend Lease (US) Construction LMB, Inc. to act as the project's construction manager, and Lend Lease in turn hired various contractors. In June 2014, Lend Lease, as VNO's agent, entered into an agreement (hereinafter the trade contract agreement) with defendant to erect the concrete superstructure of the building in accordance with a specific schedule. Lend Lease later hired plaintiff, a scaffolding contractor, and Enclos, a curtain wall contractor. Plaintiff entered into a lease agreement directly with Enclos for the provision of scaffolding and use thereof for a base rental term, with certain provisions for extension of the rental period. According to plaintiff, defendant ultimately took 20 months beyond what was initially forecasted to perform its work because of its "chronic negligence, carelessness and dilatory performance," such as spilled and erroneously placed concrete and blown out concrete forms.
In March 2021, plaintiff commenced this action against defendant, setting forth causes of action for breach of contract, negligent misrepresentation, negligence, quantum meruit, unjust enrichment and quasi contract. With respect to its contract claim, plaintiff asserted that it was an intended third-party beneficiary of the trade contract agreement and that defendant's untimely performance thereunder delayed the installation of the curtain wall, costing plaintiff millions of dollars in lost scaffolding rent and other damages associated with designing and engineering scaffolding specific to the project. Also relevant on appeal is plaintiff's negligent misrepresentation claim, wherein plaintiff alleged that defendant owed it a duty of care to supply reasonably accurate information regarding the time it would need to perform its concrete work and promptly update that information as needed, which defendant allegedly failed to do. Defendant moved to dismiss the complaint, arguing, in pertinent part, that plaintiff was not an intended beneficiary of the trade contract agreement and that there was no relationship approaching privity between plaintiff and defendant to sustain a negligent misrepresentation claim. Plaintiff opposed the motion, and Supreme Court ultimately agreed with defendant, dismissing the two subject causes of action pursuant to CPLR 3211 (a) (7).[FN1] Plaintiff appeals.
With respect to plaintiff's breach of contract claim, "[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental[*2], to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost" (State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000] [internal quotation marks and citation omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). The Court of Appeals has "sanctioned a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018], quoting Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45 [1985]). With respect to construction contracts in particular, the Court of Appeals has "generally required express contractual language stating that the contracting parties intended to benefit a third party by permitting that third party 'to enforce a promisee's contract with another.' In the absence of express language, 'such third parties are generally considered mere incidental beneficiaries.' This rule reflects the particular nature of construction contracts and the fact that — as is the case here — there are often several contracts between various entities, with performance ultimately benefitting all of the entities involved" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 710 [brackets omitted], quoting Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 656 [1976]; see Luckow v RBG Design-Build, Inc., 156 AD3d 1289, 1291 [3d Dept 2017]; Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 94 AD3d 1466, 1469 [4th Dept 2012]).
Here, it is not disputed that plaintiff sufficiently alleged the existence of a valid contract. However, there is no language in the trade contract agreement expressly deeming plaintiff a beneficiary thereof or otherwise authorizing plaintiff, or any third party,[FN2] to enforce its obligations, and plaintiff has failed to identify any facts or circumstances supporting the conclusion that this construction agreement was intended for its immediate benefit as a "downstream contractor." In that same vein, plaintiff also cannot establish that it is the only entity that could recover under the contract. Moreover, as Supreme Court found, the trade contract agreement expressly provides that the only contractual relationship created thereby was that between defendant and VNO as the owner of the property, further evincing that plaintiff was merely an incidental beneficiary of defendant's performance thereunder (see Edward B. Fitzpatrick, Jr. Constr. Corp. v County of Suffolk, 138 AD2d 446, 450 [2d Dept 1988], lv denied and dismissed 73 NY2d 807 [1988]). Plaintiff is correct that, "[i]n determining third-party beneficiary status[,] it is permissible for [courts] to look at the surrounding circumstances as well as the agreement" (Financial [*3]Assistance, Inc. v Graham, 191 AD3d 952, 956 [2d Dept 2021] [internal quotation marks and citations omitted]; see Levine v Harriton & Furrer, LLP, 92 AD3d 1176, 1177 [3d Dept 2012]; Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md., 263 AD2d 580, 582 [3d Dept 1999]). However, plaintiff made no showing that evidence outside of the agreement exists to support its claim, and dismissal cannot be avoided by speculating that discovery might uncover essential evidence (see CPLR 3211 [d]; Muncil v Widmir Inn Rest. Corp., 155 AD3d 1402, 1405 [3d Dept 2017]; Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202 [3d Dept 2009]). We therefore agree with Supreme Court that, even at the pleadings stage, plaintiff cannot sustain its third-party breach of contract cause of action.
Plaintiff has also failed to allege the existence of any relationship between it and defendant that would support a claim of negligent misrepresentation. "[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations[,] there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382 [1992]; see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424 [1989]; Yanas v Albany Med. Ctr. Hosp., 294 AD2d 769, 770 [3d Dept 2002]). "Where, as here, no privity of contract exists between the parties, the Court of Appeals has identified three criteria for imposing liability upon the maker of a negligent misrepresentation: '(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance'" (Rayco of Schenectady v City of Schenectady, 267 AD2d 664, 665 [3d Dept 1999], quoting Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d at 384; see Lusins v Cohen, 49 AD3d 1015, 1018 [3d Dept 2008]).
Assuming, without deciding, that the first and third criterion were satisfied at this early stage in the litigation, plaintiff cannot satisfy the second, and its claim must therefore fail. Accepting as true plaintiff's assertion that the sort of highly specialized concrete work at issue here is akin to that which would be performed by an engineer, this Court has previously concluded that a potential bidder on a construction project is not a known party to an engineer, but, rather, part of an indeterminate class that may possibly act in reliance on an allegedly negligent representation (see Marcellus Constr. Co. v Village of Broadalbin, 302 AD2d 640, 641 [3d Dept 2003]; see also IT Corp. v Ecology & Envtl. Eng'g, 275 AD2d 958, 960 [4th Dept 2000], lv denied 96 NY2d 702 [[*4]2001]). We also generally agree with Supreme Court that to permit the subject claim to continue would be to sanction limitless liability against contractors such as defendant for delays ubiquitous in construction (see generally Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d at 382). There is ultimately no basis upon which to disturb the dismissal of plaintiff's second claim.
Finally, plaintiff argues that, notwithstanding its failure to expressly plead as much, its allegations state a cause of action for common-law fraud. This requires "'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 178, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; see Ironwoods Troy, LLC v Optigolf Troy, LLC, 204 AD3d 1130, 1132 [3d Dept 2022]). Accepting plaintiff's allegations as true, there are insufficient facts to permit an inference that the alleged misrepresentations and/or omissions were made for the purpose of inducing plaintiff to rely upon same. We therefore find no error in Supreme Court declining to grant such relief.
Plaintiff's remaining arguments have been evaluated and determined to be without merit.
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Supreme Court dismissed all of plaintiff's claims save a limited aspect of plaintiff's negligence cause of action that was not conclusively time-barred; this has since been voluntarily discontinued.

Footnote 2: Plaintiff argues that the contract is full of performance obligations that defendant owes to the construction manager (Lend Lease) and the architect/engineer in their individual capacities and, thus, as third-party beneficiaries. However, article 26 of the trade contract agreement makes clear that the construction manager and architect/engineer are agents of VNO only, not principals. The performance obligations due to them are therefore those due to VNO, and it is VNO that has the right to enforcement.