Powerflex Solar, LLC v Solar PV Pros, LLC (2024 NY Slip Op 04102)

Powerflex Solar, LLC v Solar PV Pros, LLC

2024 NY Slip Op 04102

Decided on August 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 1, 2024

CV-23-0185
[*1]Powerflex Solar, LLC, Appellant,
v
Solar PV Pros, LLC, et al., Respondents, et al., Defendant.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Nixon Peabody LLP, Albany (William E. Reynolds of counsel), for appellant.
Girvin & Ferlazzo, PC, Albany (Bonnie R. Watson of counsel), for Solar PV Pros, LLC, respondent.
Bryan Cave Leighton Paisner LLP, New York City (Jonathan E. Ginsberg of counsel), for EoS Organization, LLC, respondent.

Pritzker, J.
Appeals (1) from an order of the Supreme Court (Richard M. Platkin, J.), entered December 22, 2022 in Albany County, which partially granted motions by defendants Solar PV Pros, LLC and EoS Organization, LLC to dismiss the complaint, and (2) from an order of said court, entered April 20, 2023 in Albany County, which, upon reargument, adhered to its prior decision.
At the end of 2019, plaintiff, a Delaware LLC with its principal place of business in California, and defendant Solar PV Pros, LLC (hereinafter SPVP) entered into three purchase order agreements to deliver solar "modules" to three project sites being developed by plaintiff, one in New York, another in Rhode Island and a third in California. SPVP subcontracted with defendant Meitus Energy Services, LLC who in turn subcontracted with defendant EoS Organization, LLC to supply the solar modules, with EoS to ship them directly to plaintiff's project sites in the respective three states. In July 2022, plaintiff filed a complaint alleging breach of contract against SPVP, unjust enrichment against all defendants, breach of contract as a third-party beneficiary against EoS and Meitus and conversion against all defendants. EoS filed a pre-answer motion to dismiss, arguing that Supreme Court lacked personal jurisdiction and that plaintiff failed to state claims for breach of contract as a third-party beneficiary and conversion. SPVP also filed a pre-answer motion to dismiss asserting a lack of personal jurisdiction. Supreme Court partially granted both motions, finding that it did not have personal jurisdiction over EoS and SPVP (hereinafter collectively referred to as defendants) concerning the agreements for solar modules to be delivered to Rhode Island and California and that plaintiff had failed to state a claim against EoS for conversion or breach of contract as a third-party beneficiary. Plaintiff moved for reargument, and, upon granting reargument, Supreme Court adhered to its original decision. Plaintiff appeals from both orders.
Plaintiff contends that Supreme Court erred in partially granting defendants' motion to dismiss due to lack of personal jurisdiction regarding the California and Rhode Island agreements. "Pursuant to CPLR 302 (a) (1), a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent transacts any business within the state or contracts anywhere to supply [goods or] services in the state. A plaintiff bears the ultimate burden of proof as the party seeking to assert personal jurisdiction. In determining whether jurisdiction exists, the court must conduct a twofold inquiry. First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state by either transacting business in New York or contracting to supply [goods or] services in New York and second, the claim must arise from that business transaction or from the contract to supply [goods or] services" (Gottlieb v Merrigan, 170 [*2]AD3d 1316, 1317 [3d Dept 2019] [internal quotation marks, ellipses, brackets and citations omitted], lv denied 33 NY3d 908 [2019]; see Nick v Schneider, 150 AD3d 1250, 1251 [2d Dept 2017])."To satisfy the second prong[,] . . . there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted. This inquiry is relatively permissive, and does not require causation, but merely a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim. The claim need only be in some way arguably connected to the transaction" (Rushaid v Pictet & Cie, 28 NY3d 316, 329 [2016] [internal quotation marks, ellipses and citations omitted]; see Nick v Schneider, 150 AD3d at 1252).
Here, EoS is an LLC formed in Delaware with its principal office in Florida and additional offices in California. In January 2020, EoS entered into three agreements with Meitus to deliver solar products to New York, California and Rhode Island. The agreements were negotiated in California and Illinois and EoS did not solicit business in New York. The parties agreed that the laws of California would govern all three agreements. The project site listed for the products was Tracy, California and no EoS employee ever traveled to New York in connection with the agreements nor was any product delivered to New York. While one agreement provided for shipping to New York, no product was ever shipped.[FN1] EoS was aware that Meitus was planning to resell the solar modules to SPVP, but it had no knowledge that SPVP was planning on further reselling the modules to plaintiff and only became aware of the agreement between Meitus and plaintiff after Meitus's alleged breach.
SPVP is an LLC formed in California, which is also the location of its sole office. SPVP has never solicited business in New York nor have any employees from SPVP traveled to New York. SPVP entered into three purchase order agreements with plaintiff following negotiations that occurred in California. The first purchase order, entered in November 2019, provided for shipment of solar modules by SPVP to plaintiff in New York. The billing and shipping address for plaintiff for this purchase order are both New York addresses. A second purchase order, entered later in November 2019, provided for shipment of solar modules by SPVP to plaintiff in Cranston, Rhode Island. The billing address was left blank. A third purchase order, entered in December 2019, provides for shipment of solar modules by SPVP to plaintiff in Tracy, California. The billing address lists the same New York address as the New York purchase order. Although no solar modules were shipped pursuant to the purchase orders, had the orders been completed, SPVP would not have collected sales tax in New York.
Initially, contrary to plaintiff's assertion, defendants did not waive their defense of personal jurisdiction relating to the [*3]Rhode Island and California agreements as their respective motions were specific enough to avoid surprising plaintiff with a defense on the grounds of personal jurisdiction (see CPLR 3013; Rich v Lefkovits, 56 NY2d 276, 280 [1982]; Siegel, New York Practice, § 635; see also CPLR 3018; compare Hatch v Tu Thi Tran, 170 AD2d 649, 649-650 [2d Dept 1991]). As to the merits, Supreme Court properly determined that it did not have jurisdiction over defendant as it relates to the Rhode Island and California agreements. As defendants have not cross-appealed, there is no controversy regarding the existence of personal jurisdiction relating to the New York agreements. Moreover, as to the Rhode Island and California agreements, the New York agreements satisfy the first prong of long arm jurisdiction (see e.g. Al Rushaid v Pictet & Cie, 28 NY3d at 328-329; Benifits by Design Corp. v Contractor Mgt. Servs., LLC, 75 AD3d 826, 829-830 [3d Dept 2010]). Therefore, the issue distills to whether there is an articulable nexus between the New York agreements and the Rhode Island and California agreements. We find that there is not. Significantly, all parties are nondomiciliary corporations with offices outside of New York and the agreements were negotiated and executed outside of the state. Additionally, the EoS agreements explicitly chose California law to govern the agreements. Although one of the agreements between SPVP and plaintiff references a New York billing address despite shipping outside of the state, the three agreements, like the EoS agreements, dealt with separate shipments for separate projects, were supported by independent consideration, did not reference each other and otherwise lacked any evidence that "the parties intended the [three agreements] to be interdependent and to be read together" (131 Heartland Blvd. Corp. v C.J. Jon Corp., 82 AD3d 1188, 1190 [2d Dept 2011]; see National Union Fire Ins. Co. of Pittsburgh, Pa. v Christopher Assoc., 223 AD2d 395, 396 [1st Dept 1996]). Accordingly, the facts as pleaded do not show an articulable nexus between the Rhode Island and California agreements and plaintiff's New York claims and Supreme Court did not err by dismissing same (see generally McGowan v Smith, 52 NY2d 268, 272-273 [1981]; compare D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 299 [2017]; Rushaid v Pictet & Cie, 28 NY3d at 330).[FN2]
Plaintiff next alleges that Supreme Court improperly found that it is not a third-party beneficiary of the agreements between Meitus and EoS. "On a motion to dismiss a complaint pursuant to CPLR 3211, [this Court] must liberally construe the pleading and accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021] [internal quotation [*4]marks and citations omitted]; see Cincinnati Ins. Co. v Emerson Climate Tech., Inc., 215 AD3d 1098, 1100 [3d Dept 2023]). "[A] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for its benefit and (3) that the benefit to it is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate it if the benefit is lost" (Greg Beeche, Logistics, LLC v Cross Country Constr., LLC, 210 AD3d 1158, 1159-1160 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 40 NY3d 902 [2023]; see Luckow v RBG Design-Build, Inc., 156 AD3d 1289, 1291 [3d Dept 2017]). A third party's right to enforce a contract arises "when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018] [internal quotation marks and citation omitted]; see Merlino v Knudson, 214 AD3d 642, 644 [2d Dept 2023]).
Here, plaintiff's amended complaint alleged that it contracted with SPVP to purchase solar modules, that SPVP then contracted with Meitus to supply necessary components and then Meitus contracted with EoS to supply necessary components. Plaintiff alleged that Meitus and EoS intended to provide components to enable the performance of plaintiff's agreements with SPVP and intended for the benefit of the Meitus-EoS agreements to redound to plaintiff, making it a third-party beneficiary of the Meitus-EoS agreements. However, plaintiff fails to plead any facts that would establish that the agreements were intended for its benefit and that any benefit to it was more than incidental. In the agreements between EoS and Meitus, plaintiff was not mentioned, the agreements limited assignment and the CEO of EoS averred that he was unaware that plaintiff was the intended ultimate purchaser of the product. Specifically, EoS was aware that the product was going to be resold from Meitus to SPVP, but had no knowledge that SPVP intended to sell the product to plaintiff. Pursuant to the purchase agreements between EoS and Meitus, neither party was able to assign, sell or mortgage its interests or rights under the agreement without providing prior written notice. The agreements also included a merger clause, stating that the purchase agreements and purchase orders represented the entire agreement between the parties. Moreover, there is no indication from the language of the agreements that EoS intended to benefit plaintiff, and the benefit plaintiff complains of losing, the solar modules, would have come from the performance of its agreement with SPVP, but for its breach. As such, any benefit plaintiff might have received from the EoS-Meitus agreement would have been [*5]incidental. Therefore, Supreme Court properly determined that plaintiff failed to state a cause of action for breach as a third-party beneficiary of the agreements between EoS and Meitus (see Greg Beeche, Logistics, LLC v Cross Country Constr., LLC,210 AD3d at 1160-1161; IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1357 [3d Dept 2008], lv denied 11 NY3d 706 [2008]; compare State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d 1022, 1028 [3d Dept 2014]).
Finally, plaintiff contends that Supreme Court erred in ruling that plaintiff failed to state a claim for conversion. "A cause of action for conversion exists where the plaintiff has a possessory right or interest in the property and the defendant has dominion over the property or interferes with it, in derogation of the plaintiff's rights" (Rosen v Mosby, 148 AD3d 1228, 1232-1233 [3d Dept 2017] [internal quotation marks, brackets and citation omitted], lv dismissed 30 NY3d 1037 [2017]; see Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1573 [3d Dept 2018]). "Money, if specifically identifiable, may be the subject of a conversion action" (Abraham v Torati, 219 AD3d 1275, 1282 [2d Dept 2023] [internal quotation marks and citations omitted]; see East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1256 [3d Dept 2016]). Here, the amended complaint alleges that plaintiff paid approximately $1.16 million to SPVP as a deposit for the modules. Plaintiff also alleges that "[a] significant portion of [the deposit to SPVP] was received by EoS and Meitus," and points to an email with EoS' counsel acknowledging from May 2020 that EoS "had received at least $524,166.42 of the deposit [plaintiff] had paid as part of this transaction." Plaintiff alleged that the deposit it paid to SPVP was being held by all defendants while making no performance, thus converting the money that rightfully belongs to plaintiff. Thus, these allegations demonstrate that the money that was paid by Meitus to EoS differed in amount from what was paid by plaintiff to SPVP, and plaintiff's pleadings failed to allege that the money was somehow segregated upon its transfer to SPVP, or upon the subsequent transfers to Meitus and then EoS and, as such, plaintiff failed to specifically identify the funds at issue (see SH575 Holdings LLC v Reliable Abstract Co., L.L.C., 195 AD3d 429, 430 [1st Dept 2021]; compare Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777-778 [2d Dept 2017]). As such, Supreme Court properly dismissed the conversion claim as to defendants because plaintiffs failed to state a cause of action. We have reviewed plaintiff's remaining contentions and, to the extent not specifically discussed herein, find them to be without merit.
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the orders are affirmed, with one bill of costs.

Footnotes

Footnote 1: EoS averred that, had the sales been completed, New York sales tax would not have been collected.

Footnote 2: We are unpersuaded by plaintiff's assertion that Supreme Court was without authority to dismiss only some of plaintiff's claims as jurisdictionally defective when plaintiff chose to plead them altogether in one complaint (see generally Croce v St. Joseph's Coll. of N.Y., 219 AD3d 693 [2d Dept 2023]).