Sandman v City of Ithaca (2025 NY Slip Op 02253)

Sandman v City of Ithaca

2025 NY Slip Op 02253

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-24-0455
[*1]Leslie W. Sandman, Appellant,
v
City of Ithaca, Respondent.

Calendar Date:February 11, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Leslie W. Sandman, Ithaca, appellant pro se.
Victor J. Kessler, City Attorney, Ithaca, for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Elizabeth Aherne, J.), entered January 12, 2024 in Tompkins County, which, among other things, granted defendant's motion to dismiss the complaint.
In 2018, a project for a new and replacement sidewalk along the 300 block of Fall Creek Drive, City of Ithaca, Tompkins County was approved by defendant's Common Council. Plaintiff resides on Fall Creek Drive. In 2021, defendant's Department of Public Works (hereinafter DPW) received a certificate of appropriateness from the Ithaca Landmarks Preservation Commission (hereinafter ILPC) which, in pertinent part, approved the replacement of an existing guide rail with a guide rail that had a box profile and would be either powder-coated or painted green. Later, the DPW determined that the guide rail approved by the ILPC would not provide adequate safety and, therefore, the DPW directed the installation of a standard W-beam guide rail on public safety grounds.
In October 2023, plaintiff commenced this action against defendant alleging that, during the ILPC hearing, he had entered into a contract with defendant that the guide rail would be installed in the manner approved by the ILPC and that defendant had breached that contract by installing a guide rail that was not approved by plaintiff. Defendant moved pre-answer to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Thereafter, plaintiff cross-moved for summary judgment and moved, in sum and substance, to disqualify the City Attorney from representing defendant in the action. After hearing oral arguments on the motions, Supreme Court granted defendant's motion to dismiss and dismissed the complaint with prejudice. The court in turn denied plaintiff's motions for summary judgment and to disqualify defendant's counsel. Plaintiff appeals.
We affirm. "When considering whether to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff[ ] [is] to be afforded every favorable inference. This liberal standard, however, will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [3d Dept 2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 862 [2014]; accord Hyman v Schwartz, 127 AD3d 1281, 1283 [3d Dept 2015]). As relevant here, "[t]o recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (Van Amburgh v Boadle, 231 AD3d 187, 190 [3d Dept 2024] [internal quotation marks and citations omitted]). Supreme Court properly determined that plaintiff's pleading failed to adequately allege facts that would establish the [*2]existence of a contract between him and defendant (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893-894 [2d Dept 2017]; Town of Oyster Bay v Doremus, 94 AD3d 867, 868-869 [2d Dept 2012]; see generally Greg Beeche, Logistics, LLC v Cross County Constr., LLC, 210 AD3d 1158, 1160-1161 [3d Dept 2022], lv denied 40 NY3d 902 [2023]; McNeary v Niagara Mohawk Power Corp., 286 AD2d 522, 524 [3d Dept 2001]). Accordingly, plaintiff's complaint was properly dismissed for failing to state a cause of action.
To the extent that plaintiff infers that Supreme Court exhibited bias toward him based upon his pro se status, we disagree. The record reflects that Supreme Court properly advised plaintiff of the pitfalls of proceeding pro se and there is no indication that the court exhibited any bias toward him in assessing the merits of his case (see McAuliffe v McAuliffe, 209 AD3d 1119, 1121 [3d Dept 2022]; see also Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [3d Dept 1999]). Further, plaintiff's contention that the City Attorney should have been disqualified from representing respondent in this matter is without merit (see Ithaca City Charter § C-13 [c]). Plaintiff's remaining contentions, to the extent they are not explicitly addressed herein, have been thoroughly examined and found unavailing.
Garry, P.J., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.