■ AMBASSADOR FACTORS et al., Respondents, v KANDEL & COMPANY et al., Appellants. [626 NYS2d 803] —Order of the Supreme Court, New York County (Charles Ramos, J.), entered January 24, 1994, which granted plaintiffs' motion to compel discovery and which denied defendants' cross-motion for summary judgment dismissing the complaint for accounting malpractice, unanimously affirmed, with costs.

Defendants are accountants retained by Coleport Textile Corp. to prepare financial statements for the year ending October 31, 1990. Plaintiffs are factors which purchased accounts receivable, representing goods sold and delivered to Coleport by its vendors. The complaint alleges that defendants "acted in reckless disregard of the truth and with gross negligence" in failing to discover that Coleport's liabilities were substantially understated and that its earnings were overstated by some $600,000. Plaintiffs were owed approximately $300,000 when, in October 1991, Coleport was unable to meet its financial obligations, and they were able to recover only 30 percent of the debt owed by Coleport to its suppliers. Plaintiffs allege that they extended credit to Coleport in "reasonable reliance upon the 1990 Financial Statements".

On November 6, 1991, an unofficial creditors' committee was formed to conduct an investigation of Coleport's books and

records. Requests by the committee's accountants for access to defendants' work papers and any documents relating to the preparation of the 1990 Financial Statements were denied by defendants. However, by preparing reconciliations based on the ledgers that were provided by Coleport, the committee's accountants were able to identify substantial discrepancies and misrepresentations in the 1990 Financial Statements.

Issue was joined in January 1993 and, in the face of repeated refusal to appear for deposition, plaintiffs brought a motion pursuant to CPLR 3124 to compel defendants' appearance. Defendants cross moved for summary judgment arguing that, in the absence of privity, they should not be held liable to plaintiffs. Supreme Court found that privity of contract is not necessary to support a cause of action alleging recklessness and gross negligence. The court therefore granted plaintiffs' motion to compel discovery and denied the cross motion to dismiss the complaint.

The complaint alleges that defendant "Kandel acted in reckless disregard of the truth and with gross negligence" in that "certain of Coleport's assets, including income and net worth, were grossly overstated". It is further alleged that "Kandel's representations regarding the 1990 Financial Statements were recklessly made and known to it to be false". Therefore, the statements "blatantly misrepresented the financial position of Coleport * * * because they overstated Coleport's earnings by approximately $600,000 and failed to state that Coleport was probably insolvent."

Defendants' motion to dismiss the complaint is predicated on the failure to state a cause of action (CPLR 3211 [a] [7]; 3212). As this Court stated in *Stendig, Inc. v Thom Rock Realty Co.* (163 AD2d 46, 48), "The test on a motion to dismiss for insufficiency of the pleadings is not whether the plaintiff has artfully drafted the complaint but whether, deeming the complaint to allege whatever can be reasonably implied from its statements, a cause of action can be sustained *(Feinberg v Bache Halsey Stuart,* 61 AD2d 135, 137-138; *Edwards v Codd,* 59 AD2d 148, 149)." Defendants accurately point out that, in order for a party that is not in privity with an accounting concern to impose liability for negligence in the preparation of financial reports, it must be alleged and proved that the concern was aware of the particular purpose for which the reports were to be employed and of the intent that a known party would rely on the reports, and the knowledge of the accountants must be evinced by some conduct linking them to the party bringing suit *(Credit Alliance Corp. v Andersen &*

*Co.,* 65 NY2d 536, 551). Defendants are correct in stating that no allegations sufficient to demonstrate the requisite nexus between the financial statements they prepared and their eventual use by plaintiffs are stated in the complaint. However, that is not the end of the Court's analysis.

An alternate theory of recovery against an accounting practice is misrepresentation. As stated in the leading case of *Ultramares Corp. v Touche* (255 NY 170, 189), "if there has been neither reckless misstatement nor insincere profession of an opinion, but only honest blunder, the ensuing liability for negligence is one that is bounded by the contract, and is to be enforced between the parties by whom the contract has been made." But, as the Court was careful to point out, "Our holding does not emancipate accountants from the consequences of fraud. It does not relieve them if their audit has been so negligent as to justify a finding that they had no genuine belief in its adequacy, for this again is fraud" *(supra,* at 189).

In *Credit Alliance Corp. v Andersen & Co. (supra,* at 554), the case relied upon by defendants, the Court of Appeals dismissed a separate cause of action sounding in fraud, stating that it "merely adds a claim that Andersen recklessly disregarded facts which would have apprised it that its reports were misleading or that Andersen had actual knowledge that such was the case. This single allegation of scienter, without additional detail concerning the facts constituting the alleged fraud, is insufficient under the special pleading standards required under CPLR 3016 (b), and, consequently, the cause of action should have been dismissed." The Court later made clear that its dismissal was " 'without prejudice to an application by plaintiffs to Supreme Court for leave to serve an amended complaint with regard to that cause of action' " *(Credit Alliance Corp. v Andersen & Co.,* 66 NY2d 812).

"The elements of fraud are a material misstatement, known by the perpetrator to be false, made with an intent to deceive, upon which the plaintiff reasonably relies and *as a result* of which he sustains damages" *(Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 213). As this Court stated in *Edison Stone Corp. v 42nd St. Dev. Corp.* (145 AD2d 249, 257), in order to constitute a sufficient pleading, "a party must allege representation of a material existing fact, falsity, scienter, deception and injury. *(Reno v Bull,* [226 NY 546, 550].) Furthermore, each of these essential elements must be supported by factual allegations sufficient to satisfy CPLR 3016 (b), which requires, in the case of a cause of action based on fraud, that 'the circumstances

constituting the wrong shall be stated in detail.' CPLR 3016 (b) 'imposes a more stringent standard of pleading than the generally applicable "notice of the transaction" rule of CPLR 3013, and complaints based on fraud * * * which fail in whole or in part to meet this special test of factual pleading have consistently been dismissed'. *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778; *see,* 60 NY Jur 2d, Fraud and Deceit, § 227)" *(see also, New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 161, *affd* 56 NY2d 1015; *cf., Fidelity & Deposit Co. v Andersen & Co.,* 131 AD2d 308).

CPLR 3016 (b) requires that "the circumstances constituting the wrong shall be stated in detail." However, the Court of Appeals has acknowledged that it is virtually impossible to do so where the facts surrounding the fraud are peculiarly within the knowledge of the other party *(Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194). We note that defendants' steadfast resistance to disclosure requests resulted in plaintiffs' motion to compel their appearance for deposition. But even without the aid of discovery, the complaint identifies shortcomings in the audit procedure alleged to amount to a reckless disregard of the true state of Coleport's financial condition, and this allegation is supported by the affidavit of plaintiffs' expert *(Abbott v Herzfeld & Rubin,* 202 AD2d 351, 352; *Rich v Touche Ross & Co.,* 69 AD2d 778, citing *State St. Trust Co. v Ernst,* 278 NY 104, 112). Under the circumstances, we regard plaintiffs' allegations as sufficient to state a cause of action in fraud and to warrant granting plaintiffs the opportunity to prove their allegations at trial *(Banner Indus. v Schwartz,* 181 AD2d 479, 480).

One final point deserves mention. Plaintiffs characterize their cause of action as "a claim for gross negligence tantamount to fraud". However, to state it more precisely, the action is one sounding in fraud in which a showing of gross negligence will permit the trier of fact to draw the inference that fraud was perpetrated. As stated in the leading case, "an opinion, especially an opinion by an expert, may be found to be fraudulent if the grounds supporting it are so flimsy as to lead to the conclusion that there was no genuine belief back of it. Further than that this court has never gone * * * This has not meant, to be sure, that negligence may not be evidence from which a trier of the facts may draw an inference of fraud *(Derry v. Peek,* [L. R.] 14 A. C. 337, 369, 375, 376), but merely that if that inference is rejected, or, in the light of all the circumstances, is found to be unreasonable, negligence alone is not a substitute for fraud" *(Ultramares Corp. v Touche,*

*supra,* at 186). Concur—Murphy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.