■ LAURENCE L. LAMPERT, Respondent, v MAHONEY, COHEN & Co. et al., Appellants. [630 NYS2d 733] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about August 18, 1994, which denied defendants' motion to dismiss the complaint, pursuant to CPLR 3211 (a) (7) and 3016 (b), for failure to state a cause of action and failure to state in detail the cir-

cumstances constituting the wrong, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint, without costs.

Plaintiff seeks to hold defendant accounting firm and its partner, Arnold Cohen, liable for the loss of $2.9 million loaned to its client, Jay Vee, Inc., and its client's principal, Nathan L. Korman (described in the verified complaint as the corporation's "alter ego"). In support of his first cause of action, sounding in professional malpractice, plaintiff alleges that, in August and September 1992, he attended 2 meetings with Nathan Korman and defendant Arnold Cohen to negotiate the terms of the transaction in which plaintiff was to receive a one-eighth interest in the shares of the corporation and become a secured creditor subject only to priority claims of Ambassador Factors. It is alleged that Cohen "represented and/or confirmed to Lampert that Jay Vee had a substantial net worth and the financial wherewithal to satisfy its obligations to Lampert", and that he "presented sales projections" to foster this impression. The complaint further states, "Cohen knew that he was the only accountant involved in the consummation of the Agreement and that Lampert was relying on Cohen as the only accountant in the transaction to represent each of Jay Vee's, Korman's and Lampert's interests in the transaction." The second cause of action, sounding in fraud, repeats these allegations and charges that "Cohen failed to inform Lampert that Jay Vee had rendered to Ambassador Factors invalid invoices for financing (*i.e.*, orders neither validated nor shipped)."

This Court had recent occasion to recount the basis of an accountant's liability to a third party in *Ambassador Factors v Kandel & Co.* (215 AD2d 305, 306-307), in which we noted that "in order for a party that is not in privity with an accounting concern to impose liability for negligence in the preparation of financial reports, it must be alleged and proved that the concern was aware of the particular purpose for which the reports were to be employed and of the intent that a known party would rely on the reports, and the knowledge of the accountants must be evinced by some conduct linking them to the party bringing suit (*Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, 551)." Absent in this case is any allegation that plaintiff ever saw any financial reports, let alone relied on them. In fact, the complaint states that the loan agreement was breached because, *inter alia*, Jay Vee and Korman failed to give Lampert "a copy of Jay Vee's annual report as prepared by Jay Vee's accountants." While the point is not

articulated in *Credit Alliance Corp. v Andersen & Co. (supra)*, it seems axiomatic that for defendant accountants to "have been aware that the financial reports were to be used for a particular purpose or purposes" *(supra,* at 551), it must have prepared financial reports that a third party could rely upon *(supra,* at 549; *see, Glanzer v Shepard,* 233 NY 236). In any event, this Court declines to extend accountant malpractice to a third party's reliance on alleged verbal assurances.

The cause of action for fraud is lacking in a similar but discrete respect. Essentially, plaintiff relates that he loaned some $3 million to a corporate entity and its principal without ever investigating the financial condition of the business beyond obtaining some vague verbal assurances from its accountant. The record on appeal is comprised of a mere 30 pages and contains neither the written agreement entered into between the parties nor the "sales projections" allegedly presented to plaintiff by defendant Cohen. Similarly, the allegedly "invalid invoices" are not in evidence, nor is there any indication of how their submission to Ambassador Factors might have influenced plaintiff to rely on them in extending the loan.

As defendants correctly point out, the pleading of a cause of action for fraud must supply more than the "notice of the transactions" set forth in CPLR 3013, and is subject to the requirement that "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; *Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778). A complaint alleging fraud by an accountant is expected to identify the particular manner in which an item included in the financial statement relied upon has been intentionally or recklessly misrepresented *(Credit Alliance Corp. v Andersen & Co., supra; Ambassador Factors v Kandel & Co., supra; Fidelity & Deposit Co. v Andersen & Co.,* 131 AD2d 308). In the matter before us, the basis of the accountant's alleged assurances is not known and, therefore, there is no way for the Court to assess whether the opinion asserted to have been given was a knowing or reckless misrepresentation of facts known to the accountant. The mere allegation that an accountant might have either had actual knowledge that its opinion was not true or recklessly disregarded facts that would have led to this conclusion is insufficient, absent "additional detail concerning the facts constituting the alleged fraud" *(Credit Alliance Corp. v Andersen & Co., supra,* at 554).

In addition, plaintiff failed to undertake an independent appraisal of the risk he was assuming. In similar circumstances this Court has applied the doctrine of caveat emptor to

preclude recovery on the rationale that, by his omission, a plaintiff has assumed the risk of loss that a proper investigation would have been likely to disclose (*First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 472; *Rodas v Manitaras*, 159 AD2d 341, 343; *cf., Stambovsky v Ackley*, 169 AD2d 254).

This Court makes no appraisal of the viability of any claim plaintiff might have for recovery against Jay Vee, Inc. and its principal, Nathan Korman, parties to the written agreement with plaintiff. However, even assuming, without deciding, that the accountant's assurances to plaintiff constitute grounds for imposing liability, without any indication of the facts upon which the accountant formulated his conclusions of the financial state of the company, there is no basis from which to assess the extent of his departure from those facts. Thus, plaintiff has failed to make a sufficient allegation as to scienter, and his complaint must be dismissed (*Credit Alliance Corp. v Andersen & Co., supra*, at 554). Concur—Sullivan, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.