■ JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Appellants, v KPMG PEAT MARWICK, Respondent. [648 NYS2d 911] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 19, 1995, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3016 (b), and except for the second cause of action as asserted by New York plaintiffs, on statute of limitations grounds, unanimously affirmed, with costs.

This action for fraud brought against an accounting firm arises from the defendant firm's preparation of audited financial statements for a publicly traded corporation, Holmes Protection Group, Inc. The basis of the complaint is that the financial statements were fraudulent in that they were not prepared in accordance with generally accepted auditing standards (GAAS) or with generally accepted accounting principles (GAAP) in that a 40-year amortization period assigned to the publicly traded company's renewable service contracts was allegedly improper and not justified by actual renewal experience or prevailing industry standards. Plaintiffs, all sophisticated investors, are insurance companies located either in New York or Massachusetts. The investments giving rise to the loss took place in December 1986 when certain senior notes were purchased (the first cause of action) and again in October 1988 when other senior notes of the publicly traded corporation were purchased (second cause of action). The present action was commenced on September 8, 1994 and the financial statements relied upon for the causes of action were received sometime prior to the actual investments made.

In dismissing the complaint for failure to state a cause of action, the court granted the motion on the ground that the complaint does not sufficiently allege the element of scienter required in a fraud cause of action asserted against a preparer of a financial statement, citing *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536, 554). We agree that, under the facts as alleged in this complaint, a knowingly false statement is not

shown. Plaintiffs' reliance on cases such as *Joel v Weber* (166 AD2d 130) and *Fidelity & Deposit Co. v Andersen & Co.* (131 AD2d 308) are distinguishable in that in those cases there was a knowing and direct participation in the fraud by the defendant, which is not alleged here.

Further, claims arising from the 1986 investment are clearly time-barred. Plaintiffs do not deny that questions concerning the 40-year amortization schedule surfaced as early as 1991 and thus could have been discovered at that time.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.