■ FOOTHILL CAPITAL CORPORATION, Respondent, v GRANT THORNTON, L. L. P., Appellant, et al., Defendants. [715 NYS2d 389] —Order, Supreme Court, New York County (Herman Cahn, J.), entered March 7, 2000, which, insofar as appealed from, denied defendant-appellant's motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (7) and 3016 (b), unanimously affirmed, with costs.

The complaint states a cause of action against defendant Grant Thornton, L. L. P., an accounting firm, for gross negligence and recklessness sufficient to give rise to an inference of fraud (*see, State St. Trust Co. v Ernst*, 278 NY 104, 112) in preparing and issuing the audit reports on the year-end 1996 and 1997 financial statements of Aid Auto Stores, Inc., which subsequently proved to have materially overstated the 1996 and 1997 inventory, understated the 1996 and 1997 accounts payable, and overstated the 1997 fixed assets. The claims of gross negligence and recklessness are sufficiently particularized to satisfy CPLR 3016 (b) (*see, Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, 554). The complaint alleges that Grant Thornton failed to independently verify information provided to it by Aid Auto concerning inventory, credits against future accounts receivable based on vender co-op advertising receivables and volume rebates, and purchases of fixed assets, which items subsequently proved to be fictitious, although Grant Thornton had notice of particular circumstances raising doubts as to the veracity of such information (*see, Simon v Ernst & Young*, 223 AD2d 506, 506-507; *Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 20-22; *Fidelity & Deposit Co. v Andersen & Co.*, 131 AD2d 308, 310-311). These circumstances included that Grant Thornton's management advisory reports criticized deficiencies in Aid Auto's perpetual retail inventory system; records provided to Grant Thornton stated that inventory had been increased by identical cost amounts at several different stores; Grant Thornton determined that additional auditing procedures were necessary to test the accuracy of the reported amounts of 1997 co-op advertising income, but never performed such procedures; and the size of the 1997 fixed-asset purchases was inordinate, given that, at

that time, Aid Auto was experiencing huge losses, was not increasing its sales, and was not expanding to new retail locations.

Plaintiff, which alleges that it advanced substantial sums to Aid Auto pursuant to a revolving credit facility after issuance of the 1996 audit report but does not allege that any advances were made after issuance of the 1997 audit report in April 1998, nonetheless has sufficiently pleaded its reliance on the 1997 report in alleging that, in reliance on that report, it "refrained from taking steps to collect funds already advanced or to protect its interests by other means" (see, State St. Trust Co. v Ernst, 278 NY, supra, at 123). Whether or not earlier efforts to collect the debt would have had greater success than the collection efforts plaintiff actually made after learning of the inaccuracy of the relevant financial statements is an issue of fact to be determined at trial or on a motion for summary judgment. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.