■ ROTTERDAM VENTURES, INC., et al., Appellants, v ERNST & YOUNG, LLP, Respondent. [752 NYS2d 746] —Crew III, J.P. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered August 1, 2001 in Schenectady County, which, inter alia, granted defendant's motion to dismiss the complaint for failure to state a cause of action.

This action arises out of certain investments made by plaintiffs in what was at all relevant times a publicly traded telecommunications company named AMNEX, Inc. In January 1997, plaintiff Francesco Galesi acquired between one and two percent of AMNEX's stock and became a member of the company's board of directors. Shortly thereafter, in a bid to increase its available cash, AMNEX elected to make a bond offering, and HSBC Securities, Inc. was selected as the underwriter. HSBC apparently expressed concern regarding the number of individuals holding stock conversion rights in AMNEX and advised the company of the need to eliminate, or at least reduce, this "market overhang." To that end, Galesi was asked to purchase and then exercise a portion of the conversion rights in order to enable the bond offering to go forward.

Prior to acquiescing to this request, Galesi asked his chief operating officer and financial advisor, David Buicko, a certified public accountant, to determine whether an investment in AMNEX was financially prudent. Upon reviewing AMNEX's 1996 10-K or annual report, which allegedly contained a report from defendant, AMNEX's auditors, representing that such financial statements "present[ed] fairly, in all material respects, the consolidated financial position of AMNEX * * * at December 31, 1996 and 1995," Buicko recommended that Galesi go forward with the transaction if he could obtain the conversion rights for approximately one half of AMNEX's then common stock price. Galesi thereafter entered into a note purchase agreement that, insofar as is relevant to this appeal, conditioned the transaction upon AMNEX not having suffered a "material adverse change in its business or financial condition" between the date of the execution of the note purchase agreement and the scheduled September 30, 1997 closing.

Prior to closing, defendant issued two "comfort letters" to AMNEX and HSBC in September 1997 essentially reaffirming

its prior position regarding AMNEX's financial health. Galesi thereafter purchased the conversion rights as scheduled for approximately $3.1 million and, together with plaintiff Rotterdam Ventures, Inc., allegedly continued to invest in and extend loans to AMNEX, totaling several million dollars, until AMNEX filed for bankruptcy in May 1999. According to plaintiffs, they entered into such transactions based upon misleading information contained in AMNEX's financial statements.

In May 2000, plaintiffs commenced this action against defendant alleging two causes of action for negligent misrepresentation and two causes of action for gross negligence. Supreme Court granted defendant's subsequent motion to dismiss the complaint for failure to state a cause of action, finding that plaintiffs' claims for negligent misrepresentation failed due to a lack of privity between plaintiffs and defendant. As to the causes of action for gross negligence, the court concluded that plaintiffs failed to satisfy the pleading requirements of CPLR 3016 (b). Supreme Court also denied plaintiffs' request for additional discovery—namely, disclosure of defendant's work papers for the subject audit. This appeal by plaintiffs ensued.

Plaintiffs, as so limited by their brief, contend that Supreme Court erred in dismissing the causes of action sounding in gross negligence. Preliminarily, although characterized as claims for "gross negligence," plaintiffs' causes of action in this regard actually sound in fraud in which a showing of gross negligence or recklessness will permit the trier of fact to draw the inference that a fraud was in fact perpetrated (*see State St. Trust Co. v Ernst*, 278 NY 104, 112; *Foothill Capital Corp. v Grant Thornton L.L.P.*, 276 AD2d 437). To plead a prima facie case of fraud, the plaintiff must allege "a material misstatement, known by the perpetrator to be false, made with an intent to deceive, upon which the plaintiff reasonably relies and as a result of which he sustains damages" (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 213 [emphasis omitted]), and each element must be pleaded with particularity (*see* CPLR 3016 [b]). Specifically, "[a] complaint alleging fraud by an accountant is expected to identify the particular manner in which an item included in the financial statement relied upon has been intentionally or recklessly misrepresented" (*Lampert v Mahoney, Cohen & Co.*, 218 AD2d 580, 582; *see, La Salle Natl. Bank v Ernst & Young*, 285 AD2d 101, 109).

The crux of plaintiffs' complaint is that AMNEX engaged in four specified transactions, as a result of which AMNEX (1) overstated the goodwill valuation associated with the company's acquisition of Capital Network Systems, Inc., (2) failed to write

down the $4.1 million in intangible assets recorded as part of a transaction with an entity known as Teleplus, (3) failed to write down or write off allegedly uncollectible receivables from an entity known as Microtel, and (4) recorded as an asset sale to Transaction Network Services what actually was a disguised loan to AMNEX. By failing to detect these purported "red flags," the argument continues, defendant violated Generally Accepted Auditing Standards and misrepresented the financial viability of AMNEX.

Assuming, without deciding, that plaintiffs have alleged material misrepresentations, plaintiffs have not alleged any facts suggesting that defendant was aware of the alleged problems associated with the foregoing transactions (*compare Foothill Capital Corp. v Grant Thornton L.L.P., supra; John Hancock Mut. Life Ins. Co. v KPMG Peat Marwick*, 232 AD2d 283, *lv denied* 89 NY2d 809; *Simon v Ernst & Young*, 223 AD2d 506). Indeed, plaintiffs' argument on appeal, that they should be afforded additional discovery in order to obtain defendant's work papers and definitively ascertain what defendant knew and when defendant knew it, is a tacit acknowledgment that the complaint, on its face, is lacking in particularity on this point. To the extent that plaintiffs allege that the subject transactions at least should have placed defendant on notice of a potential problem, this constitutes nothing more than an allegation of ordinary negligence, which is insufficient to identify the specific manner in which the identified transactions were intentionally or recklessly misrepresented (*see La Salle Natl. Bank v Ernst & Young, supra* at 109). Notably, the facts and allegations underlying plaintiffs' gross negligence claims mirror those set forth in plaintiffs' causes of action for negligent misrepresentation, the dismissal of which plaintiffs have not challenged on appeal, and the case law makes clear that "[t]he mere conclusory assertion of recklessness and intent, appended to the identical set of facts as are alleged in the negligence claim, do not meet the special pleading standards required under CPLR 3016 (b)" (*Marine Midland Bank v Grant Thornton L.L.P.*, 260 AD2d 318, 319).

Finally, even assuming that plaintiffs could satisfy the additional elements of falsity and scienter, we agree with Supreme Court that plaintiffs could not, as a matter of law, establish justifiable reliance. The comfort letters issued by defendant, upon which plaintiffs so steadfastly relied, were addressed only to AMNEX and HSBC and expressly stated that they were issued solely for the benefit of such entities and were "not to be used, circulated, quoted, or otherwise referred to for

any purpose, including but not limited to the purchase or sale of securities." Additionally Galesi, a member of AMNEX's board of directors and a self-described "respected investor and entrepreneur," plainly had both access to the relevant AMNEX financial statements and the wherewithal, through his own financial advisors, to ascertain the financial viability of that entity (*cf. Lampert v Mahoney, Cohen & Co.*, *supra* at 582-583). Thus, as plaintiffs had the means to ascertain the truth of the alleged representations, they cannot prevail in an action for fraud (*see Cohen v Colistra*, 233 AD2d 542, 543). Plaintiffs' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.