■ Marta Chaikovska et al., Respondents, v Ernst & Young, LLP, Appellant. [801 NYS2d 864]—

Appeal from an order of the Supreme Court, Erie County

(Joseph G. Makowski, J.), entered April 28, 2004. The order, insofar as appealed from, denied in part defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this accounting malpractice action, Supreme Court properly denied defendant's motion pursuant to CPLR 3211 insofar as it sought dismissal of that part of the fraud cause of action asserted by Marta Chaikovska (plaintiff) and the causes of action for negligence and indemnification asserted by both plaintiffs. Defendant contends that the court should have dismissed the negligence cause of action because there are insufficient allegations that there was either the requisite direct contractual relationship between plaintiffs and defendant or that there was the requisite "functional equivalent of privity" between plaintiffs and defendant (*Parrott v Coopers & Lybrand*, 95 NY2d 479, 482 [2000]), and thus that defendant had no duty to act in a nonnegligent manner toward plaintiffs. We reject that contention.

"Before accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]). " 'In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint' " (*Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]), and the allegations in the complaint and the affidavits submitted in opposition to the motion to dismiss must be accepted as true and given every favorable inference (*see Leon*, 84 NY2d at 87-88). Viewed in that light, we conclude that the allegations in the complaint and plaintiff's opposing affidavit satisfy the three prongs of the *Credit Alliance* test, which concerns the existence of the functional equivalent of privity, and thus are sufficient to withstand defendant's motion with respect to the negligence cause of action. In addition, we note with respect to actual privity of contract that plaintiffs have sufficiently alleged that defendant had a duty to act in a non-

negligent manner toward plaintiff because plaintiff was known to defendant to be a limited partner of one of the companies to which it was contractually obligated to furnish the report at issue (*see White v Guarente*, 43 NY2d 356, 361-362 [1977]; *see also Credit Alliance*, 65 NY2d at 550 n 9; *cf. Parrott*, 95 NY2d at 484-485).

Contrary to defendant's further contention, the claims of gross negligence and recklessness in that part of the fraud cause of action asserted by plaintiff are sufficiently particularized to satisfy CPLR 3016 (b) (*cf. Credit Alliance*, 65 NY2d at 554). The allegations in the complaint are sufficient to "identify the particular manner in which an item included in the financial statement relied upon has been intentionally or recklessly misrepresented" (*Lampert v Mahoney, Cohen & Co.*, 218 AD2d 580, 582 [1995]; *see Foothill Capital Corp. v Grant Thornton, L. L. P.*, 276 AD2d 437 [2000]).

We have considered defendant's remaining contentions and conclude that they are without merit. Plaintiffs failed to perfect their cross appeal within nine months of service of their notice of cross appeal. Thus, their cross appeal has been deemed abandoned and dismissed (*see* 22 NYCRR 1000.12 [b]). Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.