■ RBS CITIZENS, N.A., Respondent, v ERIC OLE THORSEN, Appellant. [898 NYS2d 219]—

In an action to recover damages for negligent misrepresentation, the defendant appeals from an order of the Supreme Court, Rockland County (Bartlett, J.), dated May 6, 2009, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must give the complaint a liberal construction, accept all of the facts alleged in the complaint as true, and accord the plaintiff the benefit of every favorable inference in determining whether the facts alleged fit within any cognizable

legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Applying this standard here, we find that the complaint is sufficient to state a cause of action against the defendant to recover damages for negligent misrepresentation. The plaintiff alleged the existence of certain facts which, if true, would establish that the defendant "had a duty to use reasonable care to impart correct information" to the plaintiff "due to a special relationship existing between the parties" (*Fresh Direct v Blue Martini Software*, 7 AD3d 487, 489 [2004]; *see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 381-385). The plaintiff also alleged the existence of certain facts which, if true, would establish that certain "information" the defendant imparted to the plaintiff in an opinion letter "was false, and that [the] plaintiff reasonably relied on [that] information" (*Fresh Direct v Blue Martini Software*, 7 AD3d at 489). The defendant's remaining contentions are without merit. Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.