■ Israel Discount Bank of New York, on its Own Behalf and as Agent for Bank Leumi USA and Others, Appellant, v Eisner Amper LLP, Respondent. [29 NYS3d 264]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 14, 2014, which granted defendant's motion pursuant to CPLR 3211 to dismiss the complaint with prejudice, unanimously affirmed, with costs.

Plaintiff, a lender to asset-based lender nonparty Oak Rock Financial, LLC, alleges fraud against defendant, Oak Rock's accountant, based on defendant's failure to discover that Oak Rock's founder and manager was manipulating Oak Rock's loans receivable. However, the complaint fails to allege that the opinion was "based on grounds so flimsy as to lead to the conclusion that there was no genuine belief in its truth" or that the opinion amounted to "a reckless misstatement" for which defendant could be held liable for fraud (*see State St. Trust Co. v Ernst*, 278 NY 104, 111-112 [1938], citing *Ultramares Corp. v Touche*, 255 NY 170 [1931]). At most, the complaint alleges negligence, which, in the absence of privity or some words or action by defendant directed to plaintiff, does not lie (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92 [1st Dept 2003]). None of the alleged "red flags" pleaded in the complaint creates an inference that defendant "had notice of particular circumstances raising doubts as to the veracity" of the information provided to it by Oak Rock regarding Oak Rock's accounts receivable (*Foothill Capital Corp. v Grant Thornton, L.L.P.*, 276 AD2d 437, 437 [1st Dept 2000]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.