(February 10, 2017)

■ REMEDIATION CAPITAL FUNDING LLC, Appellant, v PAUL J. NOTO, Respondent, et al., Defendants. [46 NYS3d 606]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 11, 2014, which granted the motion of defendant Paul J. Noto to dismiss the complaint as against him, and denied plaintiff's cross motion to amend the complaint, unanimously reversed, on the law, with costs, Noto's motion denied, and plaintiff's cross motion granted.

In March 2007, plaintiff made a loan of approximately $6.6 million to nonparty Sheldrake Lofts, LLC (Sheldrake) to finance Sheldrake's purchase of a property in Westchester County. Plaintiff alleges that Sheldrake presented it with a purchase agreement for the property, providing for a purchase price comprising $1.9 million in cash and a $5 million preferred equity interest in the buyer, which plaintiff was led to believe was the product of arm's-length negotiations. Plaintiff made the loan in reliance on the purported $6.9 million purchase price as an indication of the property's fair market value, without conducting an independent appraisal or other due diligence, because Sheldrake told it that the transaction had to be closed within two weeks. At the closing of the transaction, plaintiff received an opinion letter addressed to it and signed by defendant Noto, the attorney representing Sheldrake and its principal, Ofer Attia, who was the guarantor of the loan. In this letter, Noto opined, inter alia, that "[t]he execution and delivery of the Loan Documents, to my knowledge, after due inquiry, will not violate, conflict with, result in the breach of or

constitute a default under any contract, agreement, instrument, judgment, decree, order, statute, rule or regulation to which [Sheldrake] and/or [Attia], as may be applicable, is subject."

After Sheldrake defaulted on the loan, plaintiff learned that the purchase agreement that had been presented to it was a sham, and that Attia had actually purchased the property in 2005 for only $1.9 million, to be paid in installments as distributions from an entity in which the sellers had received an interest. Plaintiff further discovered that, in connection with the 2005 purchase, Attia had entered into a letter agreement with the sellers (the 2005 letter agreement), under which Attia's right to refinance the property was conditioned, in pertinent part, upon Attia maintaining a $2 million cushion of "unencumbered equity" in the property to protect the sellers' interest. Noto had participated in the 2005 transaction as the sellers' attorney, and had signed the 2005 letter agreement in that capacity.

As relevant to this appeal, plaintiff seeks to assert misrepresentation claims against Noto. In the order appealed from, Supreme Court granted Noto's motion to dismiss the original complaint, which asserts a cause of action for fraud against Noto, and denied plaintiff's cross motion to amend its complaint to add a cause of action for negligent misrepresentation, primarily on the ground that plaintiff could not establish justifiable reliance on any alleged misrepresentations, as a matter of law, because it admittedly had not conducted an independent appraisal or any due diligence with respect to the loan transaction. Upon plaintiff's appeal, we reverse.

A sophisticated party is generally required to exercise due diligence to verify the facts represented to it before entering into a business transaction (see e.g. Danann Realty Corp. v Harris, 5 NY2d 317, 322 [1959]; Schumaker v Mather, 133 NY 590, 596 [1892]; MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 291-292 [1st Dept 2016], lv denied 28 NY3d 911 [2016]). The Court of Appeals has recognized, however, that, "where a plaintiff has gone to the trouble to insist on a written representation that certain facts are true, it will often be justified in accepting that representation rather than making its own inquiry" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]). In this case, plaintiff alleges that it made the loan to Sheldrake in reliance on Noto's opinion letter, which was specifically addressed to plaintiff, in which Noto opined that the loan transaction would not put either Sheldrake or Attia into breach of any preexisting contract or agreement to which

either was a party. Plaintiff alleges that this representation was false, inasmuch as the undisclosed 2005 letter agreement required Attia to maintain a $2 million cushion of "unencumbered equity" in the property in any refinancing, and—given that the true value of the property was only $1.9 million, based on the terms of the undisclosed 2005 transaction—plaintiff's $6.6 million loan to Sheldrake wiped out any such equity in the property.

Like the plaintiffs in *DDJ Mgt.*, plaintiff in this case "made a significant effort to protect [itself] against the possibility of false[hood]" (*id.* at 156) by obtaining a written opinion letter from Noto, the borrower's attorney, making at least one material representation that, based on the allegations of the complaint, was inconsistent with the actual value of the property. As in *DDJ Mgt.*, on a motion addressed to the sufficiency of the pleadings, it cannot be "h[e]ld as a matter of law that plaintiff[ ] [was] required to do more" (*id.*), and whether plaintiff was justified in relying on Noto's opinion letter is a question for the trier of fact. The general merger clause in the loan agreement does not afford Noto—who was not a party to the loan agreement—protection from liability for intentional or negligent misrepresentations in an opinion letter he signed and directed to plaintiff, allegedly knowing that they would rely on it; in any event, a general merger clause does not suffice to bar parol evidence of fraud in the inducement (*see Hobart v Schuler*, 55 NY2d 1023, 1024 [1982]). Finally, plaintiff's allegations that Noto prepared the opinion letter at its request, provided the letter to plaintiff, and did so understanding that plaintiff would rely upon it in making the loan at issue, were sufficient to plead a privity-like relationship for purposes of its claim in the proposed amended complaint for negligent misrepresentation (*see RBS Citizens, N.A. v Thorsen*, 71 AD3d 1108 [2d Dept 2010]). Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.