State of New York v Jeda Capital-Lenox, LLC (2019 NY Slip Op 07666)





State of New York v Jeda Capital-Lenox, LLC


2019 NY Slip Op 07666


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527698

[*1]State of New York, Respondent,
v
Jeda Capital-Lenox, LLC, Appellant.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Camardo Law Firm, PC, Auburn (Justin T. Huffman of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Garry, P.J.
Appeals (1) from an order of the Supreme Court (Platkin, J.), entered April 4, 2018 in Albany County, which, among other things, granted plaintiff's motion for summary judgment, and (2) from a judgment entered thereon.
In 2006, defendant obtained three highway work permits from the Department of Transportation (hereinafter DOT) to perform certain modifications on a state highway in connection with the construction of a commercial property. As required by the permits, defendant obtained a surety bond and rider and signed an agreement obligating it to reimburse DOT for the costs of inspection and supervision of the project by DOT employees. Delays ensued in defendant's performance of the work. In August 2008, DOT issued a notice of default and, thereafter, retained an emergency contractor to complete the project before the onset of winter. The surety paid the total amount of the surety bond and rider to plaintiff in partial payment of DOT's costs for inspection, supervision and the completion of the project.
In May 2012, plaintiff commenced this action seeking payment from defendant for the remaining balance of DOT's costs. The complaint included two causes of action, each entitled "breach of contract," alleging that defendant had breached its obligations under the work permits, and a third cause of action seeking collection costs pursuant to Finance Law § 18. In May 2017, plaintiff moved for summary judgment on all three causes of action and for the dismissal of defendant's affirmative defenses, asserting as additional theories of recovery that it was entitled to payment pursuant to Highway Law § 52 and its implementing regulations and also pursuant to common-law indemnity. Defendant opposed the motion and cross-moved to dismiss all three causes of action for failure to state a cause of action. Supreme Court found that plaintiff's complaint sufficiently alleged a cause of action pursuant to the statute and regulations and that plaintiff was entitled to summary judgment on that claim, and issued an order granting plaintiff's motion and denying the cross motion.[FN1] Thereafter, the court issued a money judgment in plaintiff's favor. Defendant appeals.
We reject defendant's argument that the complaint did not provide sufficient notice of plaintiff's claims under the Highway Law and implementing regulations "to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). As Supreme Court found, this aspect of defendant's cross motion is properly treated "as a narrowly framed post-answer CPLR 3211 (a) (7) ground asserted in a summary judgment motion" (Chenango Contr., Inc. v Hughes Assoc., 128 AD3d 1150, 1151 [2015]; see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:20 at 29-30). Accordingly, "the [complaint] is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52 [2012]; accord Wisdom v Reoco, LLC, 162 AD3d 1380, 1381 [2018]). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Leon v Martinez, 84 NY2d 83, 88 [1994] [internal quotation marks and citations omitted]).
Highway Law § 52, which governs the work performed here, provides that no such work may be performed "except in accordance with the terms and conditions of a work permit issued by [DOT]." The statute's implementing regulations provide that "[c]osts incurred by [DOT] in correcting failures to comply with the terms and conditions of [such] a permit . . . shall be borne by the permittee" (17 NYCRR 125.2 [c]). The permits issued to defendant provided that all costs exceeding the limits of insurance and surety deposits were defendant's responsibility and that plaintiff would "be held free" of any direct or indirect costs resulting from the permit's issuance. As defendant argues, plaintiff's complaint does not mention the Highway Law or the related regulations. Nonetheless, the complaint clearly alleges that DOT issued permits to defendant for the work, that defendant failed to complete the construction project in compliance with the terms of the permits, that this failure required DOT to incur costs for supervision, inspection and hiring the emergency contractor, and that defendant failed to reimburse plaintiff for these costs. Although the term "breach of contract" was used in the complaint, "a party's characterization of the causes of action alleged in a complaint [is] not controlling, as we seek to determine the nature of the claims based upon the facts alleged and not the conclusions which the pleader draws therefrom" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 40 AD3d 1177, 1180 [2007] [internal quotation marks, brackets and citations omitted]; see e.g. Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 520-523 [1984]; Rotterdam Ventures v Ernst & Young, 300 AD2d 963, 964 [2002]; Schaffer v Evans, 86 AD2d 708, 709 [1982], affd 57 NY2d 992 [1982]). Construing the complaint according to the liberal principles of notice pleading, we find the allegations sufficient to give notice of the transactions and occurrences to be proved and the material elements of cognizable claims for liability pursuant to Highway Law § 52 and its implementing regulations, thus satisfying the requirements of CPLR 3013 (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 154 [2002]; Leon v Martinez, 84 NY2d at 88-89; Gizara v New York Times Co., 80 AD3d 1026, 1030-1031 [2011]). Moreover, as the facts underlying the contractual, statutory and regulatory theories of recovery are identical, "there is no indication that defendant was prejudiced by the failure to identify the statut[ory and regulatory claims] authorizing it sooner" (Village of Sharon Springs v Barr, 165 AD3d 1445, 1447 [2018]).
Next, defendant contends that plaintiff is precluded from pursuing its statutory and regulatory claims because it argued in a separate action arising out of the same construction project that no contractual obligations existed between the parties. Defendant commenced this separate action against plaintiff in the Court of Claims while the current action was pending, asserting, as pertinent here, that DOT had breached the terms of construction contracts governing defendant's work on the project. Plaintiff moved to dismiss that claim pursuant to CPLR 3211 (a) (7) on the ground that the work permits were not enforceable contracts. In granting the motion, the court found that the work permits did not create contractual obligations on plaintiff's part. Upon defendant's appeal, this Court affirmed on an alternative ground of untimeliness and did not address the contractual issue (Jeda Capital-Lenox, LLC v State of New York, 149 AD3d 1390, 1392 [2017], lv denied 30 NY3d 903 [2017]).
"The underlying purpose of the doctrines of res judicata and collateral estoppel is to 'prevent[] repetitious litigation of disputes which are essentially the same'" (Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 174 AD3d 1007, 1009-1010 [2019], quoting D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 666 [1990]). That purpose is not implicated here, as plaintiff's claims pursuant to the Highway Law and its enabling regulations do not duplicate the contractual issues addressed in the other litigation. As Supreme Court found, plaintiff's statutory and regulatory claims can be resolved without determining whether the permits gave rise to contractual obligations (compare Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 260 [2008] ["(W)hether or not the (work) permit constitutes a contract is ultimately beside the point, and not something that we need to decide: regardless, the permit imposes certain obligations on the permit(t)ee"]). Thus, plaintiff's position on the contract issue in the Court of Claims does not bar it from pursuing its claims under the Highway Law and related regulations here.
We find no merit in defendant's contention that summary judgment is premature because defendant was not given a reasonable opportunity to conduct discovery on plaintiff's statutory and regulatory claims. Almost five years passed between defendant's joinder of issue in this action and plaintiff's motion for summary judgment. During that time, plaintiff actively engaged in discovery, making written demands and deposing defendant's principal, while defendant made no such discovery requests. "Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction" (Meath v Mishrick, 68 NY2d 992, 994 [1986] [citations omitted]). Defendant now contends that it did not then know that plaintiff would later raise statutory and regulatory claims. However, as previously noted, the statutory and regulatory claims are based on the same facts that were originally alleged as breach of contract claims. Defendant has not claimed that any other specific information is required, nor has it demonstrated "that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of [plaintiff]" (Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1288 [2009] [internal quotation marks and citation omitted]).
In support of its summary judgment motion, plaintiff submitted the work permits, project documents and the affidavit of an official who was DOT's regional permit engineer and regional permit coordinator during the relevant time period. This official detailed defendant's obligations under the three permits, its failure to timely complete the work in accordance with DOT's specifications, the steps taken by DOT to complete the project, the costs incurred, and defendant's failure to pay the remaining balance after the surety's payment.[FN2] These submissions were sufficient to satisfy plaintiff's prima facie burden and to shift the burden to defendant to establish the existence of a triable issue of fact (see generally CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Defendant submitted the affidavits of two of its members asserting that DOT caused the delays in the project by unilaterally modifying the scope of defendant's work to add additional tasks beyond those originally covered by the permits and by requiring changes in defendant's methodology. However, 17 NYCRR 125.5 authorizes DOT "to impose additional requirements [beyond those specified in the regulations for inclusion in work permits] should they be necessary for public safety." The official who submitted an affidavit on plaintiff's behalf averred that all of the changes that DOT imposed were required for public safety and were necessary to compensate for inaccuracies in defendant's original plans. As defendant submitted no evidence controverting these claims, it did not establish the existence of any triable issue of fact arising from DOT's modifications.
Defendant's remaining arguments likewise fail to establish the existence of any triable issue of fact. Defendant submitted no evidence to support its conclusory claim that DOT delayed unreasonably in issuing the permits. As for defendant's assertion that DOT overcharged it for the costs of inspection and supervision, the agreement does not, as defendant claims, determine the amount for which DOT can be reimbursed but, instead, expressly provides that the estimates set forth in the agreement are "not intended to be final" and that defendant agrees to reimburse DOT for "all reasonable expenses incurred by [DOT] in necessary inspection and/or supervision of work performed pursuant to th[e] permit[s]." Plaintiff submitted DOT's itemized bill detailing its expenditures for this purpose and its official's assertion that the expenditures were made necessary by defendant's delays, and defendant submitted no evidence to the contrary.
Finally, defendant asserts that DOT improperly demanded payment from the surety under permits that were not covered by the bond. Even if this contention is properly raised in this proceeding — to which the surety is not a party — nothing in the bond's language suggests that its coverage was limited to only one of the three permits or that it was not intended to cover all of defendant's work on the project. On the contrary, the bond's broad language expressly contemplates that "[defendant] has received and will apply from time to time for permits for the purpose of [completing the work]" (emphasis added), and states, without limitation, that the purpose of the bond is to "insur[e] and guarantee[] the timely and workmanlike completion of [defendant's] work."
For the reasons above, defendant failed to establish the existence of any triable issue of material fact on plaintiff's statutory and regulatory claims, and Supreme Court properly granted plaintiff's motion for summary judgment (see Highway Law § 52; 17 NYCRR 125.2 [c]; see generally CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order and judgment are affirmed, without costs.



Footnotes

Footnote 1: Supreme Court declined to resolve the indemnity claim. The court further determined that plaintiff was entitled to collection fees under Finance Law § 18 and, as defendant has raised no specific challenge on appeal to that aspect of the court's decision, we deem any related issues to be abandoned (see generally Kazmark v Wasyln, 167 AD3d 1386, 1389 [2018]).

Footnote 2: According to the official's affidavit, the final principal amount that plaintiff seeks in this action includes a credit to defendant for an amount that was not part of the project and had previously been billed in error. Defendant does not dispute that the error was corrected.