Land N Sea Inc. v Thread Counsel (2022 NY Slip Op 01394)





Land N Sea Inc. v Thread Counsel


2022 NY Slip Op 01394


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 653551/20 Appeal No. 15438 Case No. 2021-04081 

[*1]Land 'N Sea Inc., Plaintiff-Appellant,
v
Thread Counsel, Inc, Doing Business as Laws of Motion, et al., Defendants-Respondents.


Grossman LLP, New York (Judd B. Grossman of counsel), for appellant.
Squire Patton Boggs (US) LLP, New York (Sarah K. Rathke of the bar of the State of Ohio, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 21, 2021, which granted defendants' motion to dismiss plaintiff's cause of action for fraudulent inducement, unanimously affirmed, without costs.
The motion court correctly dismissed the fraudulent inducement claim against defendants Thread Counsel, Inc. doing business as Laws of Motion, and its CEO Carly Bigi. As to the cause of action against Bigi, corporate officers may be held liable for fraud if they participated in it (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]). However, the facts alleged do not support the claim that Bigi misrepresented or omitted material facts with the intent to induce plaintiff to enter into purchase orders for surgical gowns that Bigi knew would not meet the State of New York's required standards. Nor was the conduct here so grossly negligent that it amounted to fraud (compare Foothill Capital Corp. v Grant Thornton LLP, 276 AD2d 437 [1st Dept 2000][allegations that accounting firm had notice of particular circumstances raising doubts as to veracity of debtor's financial information were sufficiently particularized to satisfy pleading requirements for action alleging gross negligence where, among other things, the size of fixed-asset purchases was inordinate in light of debtor's huge losses, failure to increase its sales, and failure to expand to new retail locations]).
As to the cause of action for fraudulent inducement against Laws of Motion, plaintiff fails to allege any duty separate from the one asserted in the contract claim. Further, the damages plaintiff seeks in the fraudulent inducement cause of action are the same as the ones it seeks in its breach of contract cause of action (see MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]; Financial Guar. Ins. Co. v Morgan Stanley ABS Capital I Inc., 164 AD3d 1126, 1127 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022