| |
|---|
| **Shabat v Schnaier** |
| 2024 NY Slip Op 31425(U) |
| April 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652778/2019 |
| Judge: Debra A. James |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. DEBRA A. JAMES</u>                    PART   59

*Justice*

-------------------------------------------------------------------------------X

TAMIR SHABAT,

INDEX NO.         <u>652778/2019</u>

MOTION DATE    <u>11/30/2022</u>

Plaintiff,

MOTION SEQ. NO.   <u>004</u>

- v -

JOE SCHNAIER, SYLVIE SCHNAIER, and JOSEPH
COHEN,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 100

were read on this motion to/for                        <u>         JUDGMENT - SUMMARY         </u>.

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED that to the extent that it seeks to dismiss the second and third causes of action for unjust enrichment and for fraud, respectively, against defendants Joe Schnaier and Slyvie Schnaier, the motion of the defendants for summary judgment is GRANTED, and such causes of action as against such defendants are DISMISSED; and it is further

ORDERED that to the extent that it seeks to dismiss the first cause of action for breach of contract against defendants Joe Schnaier and Sylvie Schnaier, the third cause of action for fraud against defendant Cohen, the fourth cause of action for breach of fiduciary duty against defendant Cohen, and the fifth cause of

**652778/2019   SHABAT, TAMIR vs. SCHNAIER, JOE**                        **Page 1 of 4**
**Motion No.  004**

1 of 4

[* 1]

action sounding in negligent misrepresentation against defendant Cohen, the defendants' motion of summary judgment is DENIED; and it is further

ORDERED that the cross-motion of the plaintiff TAMIR SHABAT, for summary judgment, is DENIED; and it is further

ORDERED that counsel are directed to post on NYSCEF a proposed preliminary conference order or competing proposed preliminary conference order(s) at least two days before May 14, 2024 on which date counsel shall appear via Microsoft Teams unless such appearance be waived by the court.

## DECISION

The plaintiff Tamir Shabat ("Shabat") commenced this action seeking the payment of a promissory note (NYSCEF Document Number 5, "the Note") executed by the defendants Joe Schnaier and Sylvie Schnaier (the "Schnaiers").

It is undisputed that the Schnaiers received the proceeds under the Note in the amount of $150,000, plus interest of $50,000, from Shabat. Schnaiers do not deny that they never repaid any amount under the Note. In addition, the Note bears an annual interest that greatly exceeds the maximum allowed by law.

The Schnaiers move for summary judgment dismissing the complaint, asserting that the Note is unenforceable, as usurious. Shabat cross-moves for summary judgment for breach of the Note against the Schnaiers, for unjust enrichment and fraud against all

**652778/2019   SHABAT, TAMIR vs. SCHNAIER, JOE**
**Motion No.  004**

**Page 2 of 4**

the defendants, and for breach of fiduciary duty and negligence against Cohen.

Shabat alleges that the Schnaiers' co-defendant Joseph Cohen ("Cohen") facilitated the transaction between the Schnaiers and Shabat. Shabat submits text messages that evidence that Cohen proposed the Note's usurious terms after Shabat previously declined to lend money to the defendants Joe Schnaier and Sylvie (the "Schnaiers"). (NYSCEF Document Numbers 87 and 90.) In addition, Shabat asserts that Cohen has represented him in multiple transactions over a few years prior to proposing that Shabat make the loan to the Schnaiers. Shabat further alleges, with some documentary evidence, that Cohen represented Wantickets RDM LLC, during the relevant time-period, which company he claims is owned by defendant Joe Schnaier.

Defendants are not entitled to summary dismissal of the complaint for breach of the Note, as Shabat has raised triable issues as to the nature of Cohen's involvement in the transaction and his relationship with the Schnaiers, as well as the role of the attorney Shabat retained to draft the papers for the transaction, who Shabat alleges acted as a mere scribe. Therefore, issues whether the defendants should be estopped from asserting usury as a defense must be tried before a factfinder. See Abramovitz v Kew Realty Equities, Inc., 180 AD2d 568 (1st Dept 1992) and Angelo v Brenner, 90 AD2d 131, 132 (3d Dept 1982). For

652778/2019   SHABAT, TAMIR vs. SCHNAIER, JOE                    Page 3 of 4
Motion No.  004

3 of 4

the same reason, Shabat's cross motion for summary relief must be denied.

Shabat's second and third causes of action for unjust enrichment and fraud, respectively, as against the Schnaiers duplicate his cause of action for breach of contract against them, and therefore shall be dismissed. See Goldstein v CIBC World Markets Corp, 6 AD3d 295 (1st Dept 2004). Nor is his negligent representation against the Schnaiers viable, as he does not allege any special relationship with them. See Basis Pac-Rim Opportunity fund v TCW Asset Management Co, 24 AD3d 538 (1st Dept 2015).

However, the court finds that the breach of fiduciary duty claim against defendant Cohen is adequately pled, as Shabat alleges that defendant Cohen breached his duty as his former attorney by later representing defendant Schnaiers, whose interests were adverse to Shabat, his former client. See TVGA Engineering, Surveying, PC v Gallick, 45 AD3d 1252, 1256 (4th Dept 2007). Likewise, Shabat states a viable cause of action of negligent misrepresentation against Cohen. See RBS Citizens, NA v Thorsen, 71 AD3d 1108 (2d Dept 2010).

20240422123929DJAMESD1A3703E7CE04CF6873E3E729FE92392

| 4/22/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652778/2019  SHABAT, TAMIR vs. SCHNAIER, JOE**
**Motion No.  004**

Page 4 of 4

[* 4]