RSD857, LLC v Wright (2025 NY Slip Op 06833)

RSD857, LLC v Wright

2025 NY Slip Op 06833

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 158125/22|Appeal No. 5308|Case No. 2024-03849|

[*1]RSD857, LLC, Plaintiff,
v
Albert Wright, Defendant-Respondent, John Viscusi, Defendant-Appellant, Michael Petrokansky, et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant.
Latham & Watkins LLP, New York (Sum Yi Jessica Hui of counsel), for respondent.

Order, Supreme Court, New York County (Paul Goetz, J.), entered on or about May 15, 2024, which, to the extent appealed from, denied counterclaim defendant John Viscusi's motion to dismiss the counterclaims against him by defendant/counterclaim plaintiff Albert Wright, unanimously affirmed, with costs.
Supreme Court properly denied Viscusi's motion to dismiss the counterclaims against him because Wright adequately pleaded a claim for fraud. Although appraisals are generally not actionable under a theory of fraud (see Wells Fargo Bank, N.A. v Alessi, 133 AD3d 1216, 1217 [4th Dept 2015]), "an opinion, especially an opinion by an expert, may be found to be fraudulent if the grounds supporting it are so flimsy as to lead to the conclusion that there was no genuine belief back of it'" (Ambassador Factors v Kandel & Co., 215 AD2d 305, 308 [1st Dept 1995] [internal quotation marks omitted]; see also Ultramares Corp. v Touche, 255 NY 170, 186 [1931]).In this action to quiet title to real property, Wright, the prior property owner, alleges that in January 2019, Viscusi, a real estate appraiser, significantly undervalued the property at $825,000, by, among other things, failing to account for its value as a development site and using "comparable" sales based on properties that were not at all comparable. Wright also alleges that the appraisal was a significant factor in convincing him to ultimately agree to a short sale of the property in October 2019. Wright's allegations that Viscusi's valuation of the property at $825,000, and that "statements used to support this valuation" were "false and misleading and misrepresented material facts," were supported by the forensic analysis performed by appraiser Michael Pavlakos annexed to Wright's pleading (see Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 99 [1st Dept 2003]; Ambassador Factors, 215 AD2d at 308). Specifically, Pavlakos determined that Viscusi's appraisal egregiously undervalued the property by millions of dollars, contained numerous errors, was misleading, and not credible.
Moreover, Wright adequately pleaded that Viscusi was aware that his misrepresentations would reasonably be relied upon by Wright (see Houbigant, 303 AD2d at 100). Viscusi's appraisal explicitly stated that its intended recipient was Wright, and that its intended use was for Wright, as "lender/client," to evaluate the property as to its fair market value. Wright sufficiently pleaded that he reasonably relied on Viscusi's appraisal for this purpose (see Remediation Capital Funding LLC v Noto, 147 AD3d 469, 470-471 [1st Dept 2017]).
Viscusi's suggestion that Wright, an elderly, legally blind man, and the alleged victim of a predatory scheme, should have exercised "ordinary intelligence," by, for instance, performing an internet search to independently assess the true value of the property, has no merit (see Rapaport v Strategic Fin. Solutions, LLC, 190 AD3d 657, 657 [1st Dept 2021]). To the extent Wright's allegations of fraud are "based on information and belief," Wright "sets forth sufficient information to apprise" Viscusi "of the alleged wrongs" (Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 579-580 [1st Dept 2015] [internal quotation marks omitted]).
We have considered Viscusi's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025